## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE                                *
185 Forest Avenue                             *
Unit 4A                                       *
Palo Alto, CA  94301,                         *
                                              *
    Plaintiff,             *
                                              *
    v.                      *     Civil Action No. 1:21-cv-00554
                                              *
DEPARTMENT OF JUSTICE                         *
950 Pennsylvania Avenue, NW                   *
Washington, DC  20530,                        *
                                              *
    Defendant.              *
                                              *
*  *  *  *  *  *  *  *  *  *  *  *  *

### COMPLAINT

Plaintiff Shawn Musgrave brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

### JURISDICTION

1.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### VENUE

2.    Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### PARTIES

3.    Plaintiff Shawn Musgrave ("Musgrave") is a citizen of the United States and a resident of the State of California. As a freelance reporter whose work has been featured in

*Politico*, the *Boston Globe*, the *Intercept*, and elsewhere, Musgrave is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Musgrave which are the subject of this action.

5.      The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components.

<u>**BACKGROUND**</u>

6.      In 2017, an unknown individual created the anonymous parody Twitter account @DevinCow, which fictitiously purports to be the account of a cow owned by U.S. Representative Devin Nunes ("Cong. Nunes").

7.      In March 2019, Cong. Nunes drew significant public attention to the account by suing Twitter, the anonymous owner of the @DevinCow account, and several other parties for defamation, claiming $250 million in damages in a complaint filed in Virginia. In the complaint, Cong. Nunes quoted @DevinCow's tweets—calling Cong. Nunes, for example, a "treasonous cowpoke"—as support for his allegation that there was a coordinated online defamation campaign against him.

8.      After Cong. Nunes filed his lawsuit, the @DevinCow account gained over 750,000 new Twitter followers and was the subject of widespread press coverage, which ranged from discussion of the merits of the lawsuit itself to speculation regarding the identity of the account's owner.

9.      Since filing his Virginia lawsuit, Cong. Nunes and his legal team have tried in several different ways to "unmask" the anonymous Twitter user behind @DevinCow. First, in

addition to monitoring the account itself for possible clues, they have tried multiple times in the

Virginia case to subpoena Twitter for identifying information about the account. That effort has

thus far failed. *See* Kate Irby, *Devin Nunes' Attorney Says He's at 'Dead End' in Quest to Reveal*

*Identity of Twitter Cow*, Fresno Bee, June 12, 2020, *available at*

https://www.fresnobee.com/news/politics-government/article243488476.html.

       10.    Cong. Nunes's lawyer Steven Biss further attempted to subpoena Twitter for

identifying information on @DevinCow in a completely unrelated case in which Biss

represented a different client. Twitter's lawyers responded to that request by calling the attempt

"not merely defective and unlawful," but also apparently "made for an improper purpose: to end-

run around discovery disputes in an unrelated lawsuit." This effort also failed. *See* Jerry Lambe,

*Twitter Demands Attorney's Fees From Nunes' Lawyer for Trying to Unmask @DevinCow*

*Through Unrelated Lawsuit*, Law & Crime, Feb. 7, 2020, *at* https://lawandcrime.com/high-

profile/twitter-demands-attorneys-fees-from-nunes-lawyer-for-trying-to-unmask-devincow-

through-unrelated-lawsuit/.

       11.    Cong. Nunes was the Chair of the House Permanent Select Committee on

Intelligence from 2015-2019 and is currently the Committee's Ranking Member.

       12.    As a result of the repeated efforts by Cong. Nunes and his legal team to unmask

@DevinCow—of which the above instances are merely examples—Musgrave filed two FOIA

requests—with the permission of @DevinCow's owner—to ascertain the degree to which FBI

and DOJ—with or without Cong. Nunes's involvement—have attempted to identify the

anonymous owner of the @DevinCow Twitter account.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (FBI -- RECORDS DENIAL – 1480963-000)

13.     Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

14.     On 9 November 2020, Musgrave submitted to FBI a request for five categories of records: (1) all main file records about the @DevinCow Twitter account; (2) all cross-references in the Central Records System about the @DevinCow Twitter account; (3) all internal emails or other correspondence records created or maintained by the Office of Congressional Affairs mentioning the @DevinCow Twitter account; (4) all emails in the FBI email system(s) or personal email folders on personal computers used by the Washington Field Office and San Francisco Field Office mentioning the @DevinCow Twitter account; and (5) all emails in the FBI email system(s) or personal email folders on personal computers used by the Criminal, Cyber, Response, and Services Branch mentioning the @DevinCow Twitter account.

15.     Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so the FBI should automatically redact any personally identifying information about that individual while releasing the contextual information which would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not in the identity itself."

16.     On 17 November 2020, FBI acknowledged receipt of this request and assigned it Request No. 1480963-000. FBI stated that it could neither confirm nor deny the existence of any responsive records—known as a "*Glomar* response"—because of the privacy interests of third party individuals.

17.     On 23 November 2020, Musgrave appealed this decision to OIP. Musgrave stated, "It is nonsensical to issue a (b)(6) *Glomar* response to a request for records about an anonymous Twitter account, especially when the request has formally indicated that we have no interest in learning the identity of the user."

18.     That same day, OIP acknowledged receipt of this appeal and assigned it Appeal No. A-2021-00372.

19.     On 1 February 2021, OIP affirmed FBI's determination.

20.     Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI and DOJ of said right.

## SECOND CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS DENIAL – FOIA-2021-00272)

21.     Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

22.     On 9 November 2020, Musgrave submitted to OIP a request for three categories of records: (1) all emails or other correspondence records created or maintained by the Office of Congressional Affairs mentioning the @DevinCow Twitter account; (2) all emails or other correspondence records created or maintained by the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General mentioning the @DevinCow Twitter account; and (3) all other records or information about the @DevinCow Twitter account in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and the Office of Legislative Affairs.

23.     Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so DOJ should automatically redact any personally

5

identifying information about that individual while releasing the contextual information which would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not in the identity itself."

24.     On 18 November 2020, OIP acknowledged receipt of this request and assigned it Request No. FOIA-2021-00272.

25.     As more than thirty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

26.     Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shawn Musgrave prays that this Court:

(1)     Order the Federal Bureau of Investigation and Office of Information Policy to release all requested records to him at no charge;

(2)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)     Grant such other relief as the Court may deem just and proper.

Date:   March 3, 2021

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*