UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>) | Civil Action No. 21-0554 (APM) |

## ANSWER

Defendant, Department of Justice ("DOJ"), hereby responds to the Complaint filed by Plaintiff, Shawn Musgrave. Defendant respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

### COMPLAINT[1]

The introductory paragraph contains Plaintiff's characterization of this action, not allegations of fact, to which no response is required. To the extent a response is required, Defendant denies.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## JURISDICTION

1. The allegations in this paragraph contain conclusions of law concerning jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over at least some of Plaintiff's claims.

## VENUE

2. The allegations in this paragraph contain conclusions of law concerning venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in the U.S. District Court for the District of Columbia.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph. The third sentence constitutes Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of this paragraph.

4. Defendant admits that DOJ is an agency of the government of the United States headquartered in Washington, D.C. The remaining allegations contained in this paragraph contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

5. Defendant admits that the Federal Bureau of Investigation ("FBI") and the Office of Information Policy ("OIP") are components of DOJ.

## BACKGROUND

6. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to characterize the contents of a news article. Responding further, Defendant respectfully refers the Court to the news article, which is the best evidence of its contents, and denies any allegation consistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to characterize the contents of a news article. Responding further, Defendant respectfully refers the Court to the news article, which is the best evidence of its contents, and denies any allegation consistent therewith. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant admits.

12. Defendant admits that Plaintiff has submitted two FOIA requests relating to the @DevinCow Twitter account, and avers that the requests are the best evidence of their contents. Defendant avers that it lacks knowledge or information to form a belief about the truth of the allegation that Plaintiff has the permission of the @DevinCow account owner. Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the causes and purposes of Plaintiff's FOIA requests, which are immaterial.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### (FBI – RECORDS DENIAL – 1480963-000)

13. Defendant incorporates its responses to paragraphs 1-12 above as if set forth fully herein.

14. Defendant admits that the FBI received a FOIA request sent to the FBI dated November 9, 2020. Responding further, Defendant respectfully refers the Court to the FOIA request, which is the best evidence of its contents, and denies any allegation consistent therewith.

15. Defendant admits that the FBI received a FOIA request sent to the FBI dated November 9, 2020. Responding further, Defendant respectfully refers the Court to the FOIA request, which is the best evidence of its contents, and denies any allegation consistent therewith.

16. Defendant admits that the FBI sent a response to Plaintiff dated November 17, 2020. Responding further, Defendant respectfully refers the Court to the FBI's response, which is the best evidence of its contents, and denies any allegation consistent therewith.

17. Defendant admits that OIP received an administrative appeal from Plaintiff dated November 23, 2020. Responding further, Defendant respectfully refers the Court to Plaintiff's administrative appeal, which is the best evidence of its contents, and denies any allegation consistent therewith.

18. Defendant admits.

19. Defendant admits.

20. The allegations in this paragraph constitute Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
## (OIP – CONSTRUCTIVE RECORDS DENIAL – FOIA 2021-00272)

21. Defendant incorporates its responses to paragraphs 1-20 above as if set forth fully herein.

22. Defendant admits that OIP received a FOIA request sent to OIP dated November 9, 2020. Responding further, Defendant respectfully refers the Court to the FOIA request, which is the best evidence of its contents, and denies any allegation consistent therewith.

23. Defendant admits that OIP received a FOIA request sent to OIP dated November 9, 2020. Responding further, Defendant respectfully refers the Court to the FOIA request, which is the best evidence of its contents, and denies any allegation consistent therewith.

24. Defendant admits.

25. The allegations in this paragraph constitute Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

26. The allegations in this paragraph constitute Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The allegations constitute a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any other relief.

## ADDITIONAL DEFENSES

1. The Complaint includes claims that fail to state a valid claim upon which relief may be granted.

2. If Defendant acknowledges possession of responsive records, then Plaintiff is not entitled to compel production of information that is exempt from disclosure by one or more exemptions or exclusions enumerated in the FOIA. 5 U.S.C. § 552(b).

3. This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

4. Plaintiff is not entitled to attorneys' fees or costs.

5. Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Dated: May 19, 2021

        Respectfully submitted,

        CHANNING D. PHILLIPS, D.C. Bar #415793
        Acting United States Attorney

        BRIAN P. HUDAK
        Acting Chief, Civil Division


By:     */s/ Stephen DeGenaro*
        STEPHEN DEGENARO
        D.C. Bar #1047116
        Assistant United States Attorney
        555 Fourth Street, NW
        Washington, DC 20530
        Telephone: (202) 252-7229
        Facsimile: (202) 252-2599
        stephen.degenaro@usdoj.gov

*Attorneys for Defendant*