UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE,                           *
                                          *
    Plaintiff,                            *
                                          *
v.                                        *   Civil Action No. 1:21-cv-00554 (APM)
                                          *
DEPARTMENT OF JUSTICE,                    *
                                          *
    Defendant.                            *
                                          *
*   *   *   *   *   *   *   *   *   *   *   *   *

## FIRST AMENDED COMPLAINT

Plaintiff Shawn Musgrave brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

### JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff Shawn Musgrave ("Musgrave") is a citizen of the United States and a resident of the State of California. As a freelance reporter whose work has been featured in *Politico*, the *Boston Globe*, the *Intercept*, and elsewhere, Musgrave is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

Ex. A

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Musgrave which are the subject of this action.

5. The Criminal Division, Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), and Office of Information Policy ("OIP") are DOJ components.

## BACKGROUND

6. In 2017, an unknown individual created the anonymous parody Twitter account @DevinCow, which fictitiously purports to be the account of a cow owned by U.S. Representative Devin Nunes ("Cong. Nunes").

7. In March 2019, Cong. Nunes drew significant public attention to the account by suing Twitter, the anonymous owner of the @DevinCow account, and several other parties for defamation, claiming $250 million in damages in a complaint filed in Virginia. In the complaint, Cong. Nunes quoted @DevinCow's tweets—calling Cong. Nunes, for example, a "treasonous cowpoke"—as support for his allegation that there was a coordinated online defamation campaign against him.

8. After Cong. Nunes filed his lawsuit, the @DevinCow account gained over 750,000 new Twitter followers and was the subject of widespread press coverage, which ranged from discussion of the merits of the lawsuit itself to speculation regarding the identity of the account's owner.

9. Since filing his Virginia lawsuit, Cong. Nunes and his legal team have tried in several different ways to "unmask" the anonymous Twitter user behind @DevinCow. First, in addition to monitoring the account itself for possible clues, they have tried multiple times in the

Virginia case to subpoena Twitter for identifying information about the account. That effort has thus far failed. *See* Kate Irby, *Devin Nunes' Attorney Says He's at 'Dead End' in Quest to Reveal Identity of Twitter Cow*, Fresno Bee, June 12, 2020, *available at* https://www.fresnobee.com/news/politics-government/article243488476.html.

10. Cong. Nunes's lawyer Steven Biss further attempted to subpoena Twitter for identifying information on @DevinCow in a completely unrelated case in which Biss represented a different client. Twitter's lawyers responded to that request by calling the attempt "not merely defective and unlawful," but also apparently "made for an improper purpose: to end-run around discovery disputes in an unrelated lawsuit." This effort also failed. *See* Jerry Lambe, *Twitter Demands Attorney's Fees From Nunes' Lawyer for Trying to Unmask @DevinCow Through Unrelated Lawsuit*, Law & Crime, Feb. 7, 2020, *at* https://lawandcrime.com/high-profile/twitter-demands-attorneys-fees-from-nunes-lawyer-for-trying-to-unmask-devincow-through-unrelated-lawsuit/.

11. Cong. Nunes was the Chair of the House Permanent Select Committee on Intelligence from 2015-2019 and is currently the Committee's Ranking Member.

12. As a result of the repeated efforts by Cong. Nunes and his legal team to unmask @DevinCow—of which the above instances are merely examples—Musgrave filed two FOIA requests—with the permission of @DevinCow's owner—to ascertain the degree to which FBI and DOJ—with or without Cong. Nunes's involvement—have attempted to identify the anonymous owner of the @DevinCow Twitter account.

13. In May 2021, various news outlets reported that DOJ had attempted to use a grand jury subpoena to Twitter to discern the identity of another parody account focused on mocking Cong. Nunes, @NunesAlt, for unclear reasons. *See, e.g.*, Charlie Savage, *Trump Justice Dept.*

*Tried to Use Grand Jury to Identify Nunes Critic on Twitter*, N.Y. Times, May 18, 2021, at A19, available at https://www.nytimes.com/2021/05/17/us/politics/devin-nunes-twitter-justice-department.html. Twitter's newly unsealed motion to quash the subpoena included the subpoena itself as Exhibit A, and the subpoena demonstrated the involvement of the U.S. Attorney's Office for the District of Columbia as well as the U.S. Capitol Police.

14. In light of this new information, Musgrave realized that he may have missed DOJ components which would likely maintain records about attempts to unmask @DevinCow. Musgrave accordingly filed four more FOIA requests with EOUSA and the Criminal Division to correct this oversight.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1480963-000)

15. Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

16. On 9 November 2020, Musgrave submitted to FBI a request for five categories of records: (1) all main file records about the @DevinCow Twitter account; (2) all cross-references in the Central Records System about the @DevinCow Twitter account; (3) all internal emails or other correspondence records created or maintained by the Office of Congressional Affairs mentioning the @DevinCow Twitter account; (4) all emails in the FBI email system(s) or personal email folders on personal computers used by the Washington Field Office and San Francisco Field Office mentioning the @DevinCow Twitter account; and (5) all emails in the FBI email system(s) or personal email folders on personal computers used by the Criminal, Cyber, Response, and Services Branch mentioning the @DevinCow Twitter account.

17. Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so the FBI should automatically redact any personally identifying information about that individual while releasing the contextual information which would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not in the identity itself."

18. On 17 November 2020, FBI acknowledged receipt of this request and assigned it Request No. 1480963-000. FBI stated that it could neither confirm nor deny the existence of any responsive records—known as a "*Glomar* response"—because of the privacy interests of third-party individuals.

19. On 23 November 2020, Musgrave appealed this decision to OIP. Musgrave stated, "It is nonsensical to issue a (b)(6) *Glomar* response to a request for records about an anonymous Twitter account, especially when the request has formally indicated that we have no interest in learning the identity of the user."

20. That same day, OIP acknowledged receipt of this appeal and assigned it Appeal No. A-2021-00372.

21. On 1 February 2021, OIP affirmed FBI's determination.

22. After Musgrave filed this lawsuit, FBI agreed to withdraw the *Glomar* response and conduct a search for the requested records. On 25 May 2021, FBI responded to the request in two separate response letters. The first response letter stated that the agency could not identify any indexed main or reference records responsive to parts 1–3 of the request. The second response letter stated that parts 4 and 5 of the request are overly broad and do not reasonably describe the requested records enough to allow personnel to locate the records with a reasonable amount of effort.

23. Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI and DOJ of said right.

## SECOND CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS DENIAL – FOIA-2021-00272)

24. Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

25. On 9 November 2020, Musgrave submitted to OIP a request for three categories of records: (1) all emails or other correspondence records created or maintained by the Office of Congressional Affairs mentioning the @DevinCow Twitter account; (2) all emails or other correspondence records created or maintained by the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General mentioning the @DevinCow Twitter account; and (3) all other records or information about the @DevinCow Twitter account in the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, and the Office of Legislative Affairs.

26. Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so DOJ should automatically redact any personally identifying information about that individual while releasing the contextual information which would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not in the identity itself."

27. On 18 November 2020, OIP acknowledged receipt of this request and assigned it Request No. FOIA-2021-00272.

28. As more than twenty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

29. Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## THIRD CAUSE OF ACTION

## (EOUSA – RECORDS DENIAL – EOUSA-2021-002106)

30. Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

31. On 18 May 2021, Musgrave submitted to EOUSA a request for all records about or referencing the @DevinCow account maintained by any division of the U.S. Attorney's Office for the District of Columbia.

32. Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so the EOUSA should automatically redact any personally identifying information about that individual while releasing the contextual information that would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not the account itself."

33. On 3 June 2021, EOUSA acknowledged receipt of this request and assigned it Request No. EOUSA-2021-002106. EOUSA stated that it could neither confirm nor deny the existence of any responsive records—known as a "*Glomar* response"—because of the privacy interests of third-party individuals.

34. On 4 June 2021, Musgrave appealed this decision to OIP. Musgrave stated, "We clearly stated in the request that we are not interested in knowing the identity of the @DevinCow Twitter account, and that you may automatically redact any personally identifying information about the individual . . . [I]t strains credulity to imagine how even acknowledging whether EOUSA has records about this matter could possibly constitute an 'unwarranted invasion of

personal privacy,' especially when the individual in question is an anonymous Twitter account posing as a fictional cow." Musgrave further noted in the appeal that FBI had initially also given a *Glomar* response for substantively the same FOIA request but had reversed its position and agreed to conduct a search after this lawsuit was filed.

35.     On 5 June 2021, OIP acknowledged its receipt of this appeal and assigned it Appeal No. A-2021-01907.

36.     As more than twenty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

37.     Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## FOURTH CAUSE OF ACTION

## (EOUSA – RECORDS DENIAL – EOUSA-2021-002107)

38.     Musgrave repeats and realleges the allegations contained in all paragraphs set forth above.

39.     On 18 May 2021, Musgrave submitted to EOUSA a request for copies of all emails and attachments sent between the Criminal Division of the U.S. Attorney's Office—not to be confused with the DOJ Criminal Division—for the District of Columbia and [crystal.griner@uscp.gov](mailto:crystal.griner@uscp.gov) pertaining to any actual or potential subpoena to Twitter, from January 2019 forward. The request explained that on 17 May 2021, Twitter's motion to quash such a subpoena was unsealed, that the subpoena itself—attached as Exhibit A to Twitter's unsealed motion—directs correspondence to that email address, and that this FOIA request was for all such correspondence.

40. On 3 June 2021, EOUSA acknowledged receipt of this request and assigned it Request No. EOUSA-2021-002107. EOUSA withheld all responsive records.

41. On 3 June 2021, Musgrave appealed this decision to OIP. Musgrave stated that he was appealing both the exemptions asserted and the adequacy of the search.

42. That same day, OIP acknowledged its receipt of this appeal and assigned it Appeal No. A-2021-01893.

43. As more than twenty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

44. Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## FIFTH CAUSE OF ACTION

## (DOJ CRIMINAL DIVISION – CONSTRUCTIVE RECORDS DENIAL – UNKNOWN NO. 1)

45. On 18 May 2021, Musgrave submitted a request to the DOJ Criminal Division for all records about or otherwise referencing @DevinCow created or maintained by the Criminal Division.

46. Musgrave added, "Please note that we do not wish to know the identity of the owner of the @DevinCow account, so the Criminal Division should automatically redact any personally identifying information about that individual while releasing the contextual information that would show that PII was redacted. We are only interested in records discussing the account and/or the possible identification of its owner, not the account itself."

47. The Criminal Division has not issued a response to this request as of this writing.

48. As more than twenty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

49. Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## SIXTH CAUSE OF ACTION

## (DOJ CRIMINAL DIVISION – CONSTRUCTIVE RECORDS DENIAL – CRM-301651161)

50. On 18 May 2021, Musgrave submitted a request to the DOJ Criminal Division for copies of all emails and attachments sent between the Criminal Division and crystal.griner@uscp.gov pertaining to any actual or potential subpoena to Twitter, from January 2019 forward. The request explained that on 17 May 2021, Twitter's motion to quash such a subpoena was unsealed, that the subpoena itself—attached as Exhibit A to Twitter's unsealed motion—directs correspondence to that email address, and that this FOIA request was for all such correspondence.

51. On 24 June 2021, the Criminal Division acknowledged receipt of this request and assigned it Request No. CRM-301651161. The Criminal Division stated, "As this information is maintained by a United States Attorney's Office, this Office determined that your request for records concerning this prosecution was misdirected to the Criminal Division. The Executive Office for United States Attorneys (EOUSA) is the U.S. Department of Justice component responsible for responding to Freedom of Information Act and Privacy Act requests for information maintained by U.S. Attorneys' Offices. Hence, your request has been routed to EOUSA for processing and a direct response to you."

52. That same day, Musgrave's undersigned counsel replied to the Criminal Division, stating, "I was not asking for records maintained by the USAO. I was asked [sic] for all correspondence with *Criminal Division* about such matters. If there are no responsive records that is one thing, but you still need to search."

53. As more than twenty working days have elapsed without a substantive decision, Musgrave has exhausted all required administrative remedies.

54. Musgrave has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOJ of said right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shawn Musgrave prays that this Court:

(1) Order the Department of Justice Criminal Division, Executive Office of United States Attorneys, Federal Bureau of Investigation, and Office of Information Policy to release all requested records to him at no charge;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   July 4, 2021

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              4702 Levada Terrace
                                              Rockville, MD 20853
                                              301-728-5908
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*