UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE,

        Plaintiff,

    v.                                                                  Civil Action No. 21-0554 (APM)

DEPARTMENT OF JUSTICE,

        Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ............................................................................................................ ii

Relevant Background .......................................................................................................... 1

Argument .............................................................................................................................4

Conclusion ...........................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*,
  573 F. Supp. 3d 78 (D.D.C. 2021) ........................................................................4, 7
*Am. Fed'n of Gov't Emps. v. Dep't of,*
  *Com.*, 907 F.2d 203 (D.C. Cir. 1990)................................................................4, 5
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................2, 3
*Assassination Archives v. CIA*,
  720 F. Supp. 217 (D.D.C. 1989) ............................................................................5
*Borden v. FBI*,
  No. 94-1029, 1994 U.S. App. LEXIS 16157 (1st Cir. Jun. 28, 1994) ......................5
*Brayton v. Off. of U.S. Trade*,
  *Rep.*, 641 F.3d 521 (D.C. Cir. 2011) ......................................................................3
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................2, 3
*Dale v. IRS*,
  238 F. Supp. 2d 99 (D.D.C. 2002) ......................................................................4, 5
*Dep't of Labor*,
  478 F. Supp. 2d 77 (D.D.C. 2007) ..........................................................................3
*Evans v. Bureau of Prisons*,
  951 F.3d 578 (D.C. Cir. 2020) ................................................................................4
*FEC*,
  711 F.3d 180 (D.C. Cir. 2013) ................................................................................4
*Freedom Watch v. State*,
  925 F. Supp. 2d 55 (D.D.C. 2013) ..........................................................................5
*Freedom Watch, Inc. v. CIA*,
  895 F. Supp. 2d 221 (D.D.C. 2012) ........................................................................4
*Gun Owners of Am., Inc. v. FBI*,
  594 F. Supp. 3d 37 (D.D.C. 2022) ..........................................................................7
*Int'l Counsel Bureau v. Dep't of,*
  *Def.*, 723 F. Supp. 2d 54 (D.D.C. 2010) ..................................................................5
*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009) ................................................................................3
*Marshall Cnty. Health Care Auth. v. Shalala*,
  988 F.2d 1221 (D.C. Cir. 1993) ..............................................................................5
*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ..............................................................................3
*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) ........................................................................3
*Mil. Audit Proj. v. Casey*,
  656 F.2d 724 (D.C. Cir. 1981) ................................................................................3

*Nat'l Sec. Couns. v. CIA*,
   898 F. Supp. 2d 233 (D.D.C. 2012) .........................................................................4
*Nat'l Sec. Couns. v. CIA*,
   969 F.3d 406 (D.C. Cir. 2020) ................................................................................6
*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ..............................................................................3
*Tr. v. Dep't of Lab.,* Civ. A. No. 22-2849 (TJK),
   2023 U.S. Dist. LEXIS 168666, at *10-11 (D.D.C. Sept. 21, 2023) .......................7

**Statutes**

5 U.S.C. § 552(a)(3)(A)...............................................................................................4

**Rules**

Fed. R. Civ. P. 56(a)...................................................................................................2

Defendant the Department of Justice respectfully submits this memorandum of points and authorities in support of its motion for summary judgment in this Freedom of Information Act ("FOIA") case.

## INTRODUCTION

Plaintiff Sean Musgrave submitted four FOIA requests to various Department of Justice components for records generally concerning the @DevinCow Twitter account. After three years of productions and negotiations the parties remain at an impasse regarding just one issue: whether Parts 4 and 5 of Plaintiff's request to the Federal Bureau of Investigation ("FBI") reasonably describe the records sought. As explained below, Parts 4 and 5 of Plaintiff's request do not describe the records in sufficient detail to enable the FBI to locate the records with a reasonable amount of effort. Thus, Defendant is entitled to an order granting summary judgment in its favor.

## RELEVANT BACKGROUND

This lawsuit stems from Freedom of Information Act ("FOIA") requests that Plaintiff Shawn Musgrave submitted to four Department of Justice components concerning the @DevinCow Twitter account. *See generally* Am. Compl. (ECF No. 8-1). Plaintiff directed requests to the FBI, *id.* ¶¶ 15-23, the Office of Information Policy, *id.* ¶¶ 24-29, the Executive Office for U.S. Attorneys, *id.* ¶¶ 30-44, and the Criminal Division. *Id.* ¶¶ 45-54. Dissatisfied with the components' responses, Plaintiff filed suit on March 3, 2021. *See generally* Compl. (ECF No. 1). During the following three years, the components made productions of records responsive to the requests. *See generally* Dkt. And through good faith negotiations, the parties eliminated almost all disputes regarding the Department's productions. *See generally* Jt. Status Rpts. (ECF Nos. 24, 26-31). But the parties reached an impasse regarding the FBI's response to Parts 4 and 5 of Plaintiff's request to the FBI. Jt. Status Rep. ¶ 2 (ECF No. 31).

On November 9, 2020, Plaintiff submitted a FOIA request to the FBI for:

(1)     All main file records about the Twitter account @DevinCow, a/k/a "Devin Nunes' Cow." For the remainder of this request, "@DevinCow" will be shorthand for "the Twitter account @DevinCow, a/k/a 'Devin Nunes' Cow."

(2)     All cross-references in the Central Records System ("CRS") about @DevinCow.

(3)     All internal emails or other correspondence records mentioning @DevinCow created or maintained by the Office of Congressional Affairs.

(4)     All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the CRS, used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow.

(5)     All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the CRS, used by the Criminal, Cyber, Response, and Services Branch mentioning @DevinCow.

Ex A, FBI Request.

The FBI searched for records responsive to parts 1-3 of the request but did not locate any responsive records. Seidel Decl. ¶ 21-25. Plaintiff is not contesting the scope of the search, or any other aspect of the FBI's response to parts 1-3. Jt. Status Report ¶¶ 2-4 (ECF No. 31). But the FBI was not able to search for records responsive to parts 4 and 5 because Plaintiff did not describe the records sought in a manner that would allow the FBI to locate responsive records with a reasonable amount of effort. Seidel Decl. ¶¶ 26-30.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary

judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment[.]" *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment."). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Proj. v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

## ARGUMENT

FOIA sets forth two requirements applicable here that are prerequisites for a valid request: a request must (i) "reasonably" describe the records sought, and (ii) comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). The obligation to process a request only begins upon receipt of a valid request, i.e., one that satisfies these requirements. *Dale*, 238 F. Supp. 2d at 103.

Thus, a plaintiff fails to state a FOIA claim if its FOIA request fails to reasonably describe the records sought. *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) ("Under FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'") (quoting 5 U.S.C. § 552(a)(3)(A)); *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("Of course, the duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request. A proper request must 'reasonably describe[ ]' the records sought[.]") (quoting 5 U.S.C. § 552(a)(3)(A)).

As a general matter, records are considered reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). But that general rule still requires that some "subject matter" or defined "class" of records be identified. *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990); *cf. Am. Ctr. for L. & Just. v. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 85 (D.D.C. 2021) (finding a request seeking documents "referencing or regarding in any way" eight topics to be too broad to allow the agency "to determine precisely what records are being requested").

Whether a FOIA request "reasonably describes" the records sought "is a purely legal question of statutory interpretation." *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C.

2012) (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)).  That is, whether a request is reasonably described is an objective test, and courts are equipped to make this determination by resort to the FOIA request alone.  *See Dale*, 238 F. Supp. 2d at 105 (noting that document request was deficient "on its face").  In other words, agencies need not introduce evidence showing that, based on a particular document request, their professionals are incapable of locating the requested records with a reasonable amount of effort.  *See Borden v. FBI*, No. 94-1029, 1994 U.S. App. LEXIS 16157 at *2 (1st Cir. Jun. 28, 1994) ("[T]he request . . . does not reasonably describe the records sought. Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments.").  The inquiry focuses on whether the request is objectively reasonably described. *Dale*, 238 F. Supp. 2d at 105.

Finally, overbroad and unreasonably burdensome requests are invalid because "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989).  Nor was FOIA intended to allow requesters to conduct a "fishing expedition" through agency files.  *Dale*, 238 F. Supp. 2d at 104-05.  This limitation protects the ability of federal agencies to prioritize their resources, while also providing the public reasonable access to agency records.  *See*, *e.g*., *Int'l Counsel Bureau v. Dep't of Def.*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010).

Ultimately, "[a]n agency need not honor a request that requires 'an unreasonably burdensome search.'"  *Am. Fed'n of Gov't Emps.*, 907 F.2d at 209; *see also Freedom Watch v. State*, 925 F. Supp. 2d 55, 62-63 (D.D.C. 2013) (dismissing complaint where overbroad requests were "infirm from the beginning" regardless of defendants' response to the requests).  "The upshot is that, when the request as drafted would require an agency to undertake an unreasonably

burdensome search, the agency can decline to process the request." *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020). Parts 4 and 5 of Plaintiff's request would require the FBI to conduct an unduly burdensome search. *See* Ex. A, FBI FOIA Request.

The relevant portions sought of the request sought "(4) All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the [Central Records System], used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow;" and "(5) All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the [Central Records System], used by the Criminal, Cyber, Response, and Services Branch mentioning @DevinCow." *Id*. Put simply, the request seeks all emails from all custodians (i.e. FBI employees) in the Washington Field Office, the San Francisco Field Office, and the Criminal, Cyber, Response, and Services Branch containing the term "@DevinCow." *Id*.; *see* Seidel Decl. ¶ 26.

To conduct email searches, the FBI must first identify which employees would likely have responsive records and whether those records would be stored in those employees' classified or unclassified inboxes. *Id*. ¶¶ 28-29. Plaintiff asks the FBI to search the classified and unclassified inboxes of all employees in the Washington Field Office, the San Francisco Field Office, and the Criminal, Cyber, Response, and Services Branch. *Id*. ¶ 30. The FBI does not have a database that allows it to simultaneously mine all email accounts in a particular division for emails containing a single term. Seidel Decl. ¶ 29. Rather the FBI would need to search each account individually for the term "@DevonCow" and Plaintiff's refusal to identify specific custodians for the FBI to focus on in its search makes the search unduly burdensome. *Id*. ¶ 29-30. The FBI offices that Plaintiff identifies in his request collectively consist of thousands of personnel located in hundreds of locations both in the United States and abroad. *Id*. Unless Plaintiff identifies specific custodians,

the FBI would be required to search both the classified and unclassified email accounts of thousands of FBI employees, which would tax the FBI's electronic systems and would require a significant amount of time and review by FBI analysts.  *Id.* ¶ 30.

As Michael Seidel, the Section Chief of the FBI's Record/Information Dissemination Section, Information Management Division, explained,

> because it is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, the FBI determined that items 4 and 5 of Plaintiff's request are not reasonably described in a manner that would allow an employee of the agency to locate records outside the [Central Records System] with a reasonable amount of effort.

*Id.*  Indeed, courts have found such requests to be unreasonably broad in circumstances, like here, where the requestor failed to describe which specific employees' or other custodians' records were at issue.  *See Protect the Pub.'s Tr. v. Dep't of Lab.,* Civ. A. No. 22-2849 (TJK), 2023 U.S. Dist. LEXIS 168666, at *10-11 (D.D.C. Sept. 21, 2023) (request seeking communications between "any political appointees" and "any employee or representative" of one of twenty-five organizations does not reasonably describe records sought); *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 44-45 (D.D.C. 2022) ("plaintiffs' request for correspondence between the FBI and 'agents and employees' of the six listed [Virginia State] officials and offices is so vague as to prevent an agency professional from 'determin[ing] precisely what records are being requested'"); *Am. Ctr. for L. & Just.*, 573 F. Supp. 3d at 86 (noting unreasonableness of request where the phrase "representative or agents" of the Secretary of Homeland Security "encompasses each of the Department's 240,000 employees").

Consistent with these prior decisions, the Court should find that because parts 4 and 5 of Plaintiff's FOIA request to the FBI do not identify records that FBI staff can locate with a reasonable amount of effort, the request fails to reasonably describe the records sought, and thus the FBI is entitled to an order granting summary judgment in its favor.

**CONCLUSION**

For these reasons, the Court should grant Defendant's motion for summary judgment.

Dated: November 4, 2024                    Respectfully submitted,

                                                  MATTHEW M. GRAVES, D.C. Bar #481052
                                                  United States Attorney

                                                  BRIAN P. HUDAK
                                                  Chief, Civil Division


                                            By: _____*/s/ John J. Bardo*_____
                                                  JOHN J. BARDO, D.C. BAR #1655534
                                                  Assistant United States Attorney
                                                  601 D Street, NW
                                                  Washington, DC 20530
                                                  (202) 870-6770

                                            *Attorneys for the United States of America*