UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:21-cv-00554 (APM) |
| DEPARTMENT OF JUSTICE, | * |
| Defendant. | * |

* * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Shawn Musgrave ("Musgrave") brought this case against Defendant Department of Justice ("DOJ") to obtain, *inter alia*, various categories of Federal Bureau of Investigation ("FBI")[1] emails under the Freedom of Information Act ("FOIA"). (1st Am. Compl., Dkt. #8-1, ¶ 16 (filed July 4, 2021).) After several years, in which FBI and other DOJ components processed Musgrave's FOIA requests to Musgrave's satisfaction, FBI has filed a Motion for Summary Judgment under Rule 56(a) of the Federal Rules of Civil Procedure regarding the two remaining issues in controversy. For the reasons stated herein, the Court should deny FBI's Motion and grant Musgrave's Cross-Motion.

**SCOPE OF THE CASE**

As noted above, the parties have worked over the course of this litigation to narrow the issues in controversy. As FBI correctly noted, Musgrave elected not to challenge its processing

---

[1] Because all remaining issues in controversy pertain exclusively to FBI, it will be treated as the "Defendant" herein, even though DOJ is the only proper party Defendant.

of the requests at issue in Counts 2-6 prior to this briefing. (Def.'s Mot. Summ. J. & Mem. Supp. Thereof, Dkt. #32, at 1 (filed Nov. 4, 2024) [hereinafter FBI's Mem.].) Musgrave has also elected not to challenge the adequacy of the searches performed by FBI in response to Parts 1-3 of the request at issue in Count 1. Therefore, until this filing, the only issues remaining in controversy in this case were:

- FBI's claim that Parts 4-5 of the request at issue in Count 1 do not reasonably describe the records sought; and

- FBI's claim that processing Parts 4-5 of the request at issue in Count 1 would constitute an unreasonable burden.[2]

With that in mind, Musgrave now elects to exclude Part 5 of this request from the case. While he does not concede that FBI's determination is correct as a matter of fact *or* law, he will no longer argue that FBI must process Part 5 for one primary reason: it will clearly demonstrate the extremity of FBI's position in stark, simple terms so that the Court can adjudicate the position that FBI is actually taking without the waters being muddied by general statements conflating the two parts. Therefore, the only remaining questions in this case are simple: Does a request for all emails including two unique words or phrases in the Washington and San Francisco Field Offices fail to reasonably describe the records sought, and would searching for such records impose an unreasonable burden? The answer to both questions is unequivocally no.

---

[2] FBI conflates these issues but it is well-established that they are two separate and distinct questions. *See* DOJ, *Department of Justice Guide to the Freedom of Information Act*, "Procedural Requirements" 28 (Aug. 20, 2021), *available at* https://www.justice.gov/media/1162791/dl?inline (last accessed Nov. 27, 2024) (identifying the unreasonable burden standard as a "corollary to the 'reasonably described' inquiry").

**STANDARD OF REVIEW**

While Musgrave agrees for the most part with FBI's characterization of the relevant case law, FBI's recitation is incomplete in a few ways.

*The "Reasonably Describes" Requirement*

FBI cites several cases as foundational grounds for its argument that Part 4 does not reasonably describe the records sought, but in conflating the "reasonably describes" requirement and the "unreasonable burden" requirement it runs afoul of the clear understanding of what it means to "reasonably describe the records sought." Simply put, the burdensomeness of a request is not a factor to be considered when the "linchpin inquiry" is "whether the agency is able to determine 'precisely what records [are] being requested.'" *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (alteration in original) (quoting S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974)). This is especially important in this case, in which FBI's argument lies in direct opposition to Congress's explicit admonition that agencies are not to use the "reasonably describes" requirement "to obstruct public access to agency records." S. Rep. No. 93-854, at 10.

The DOJ Office of Information Policy ("OIP")—often held up by the Government as its "FOIA experts"—explained the limitations of this provision clearly over forty years ago:

> **Can an agency deny a FOIA request which requires an extremely burdensome search, and/or encompasses an enormous volume of records, on the ground that the records are not "reasonably described?"**
>
> No. The sheer size or burdensomeness of a FOIA request, in and of itself, does not entitle an agency to deny that request on the ground that it does not "reasonably describe" records within the meaning of 5 U.S.C. § 552(a)(3)(A). That provision in the FOIA was intended to ensure that a FOIA request description "be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." H.R. Rep. No. 93-876, 93d Cong., 2d Sess. 6 (1974). *See also* S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974) ("[T]he

identification standard should not be used to obstruct public access to agency records."); *Bristol-Meyers Co. v. FTC*, 424 F.2d 935, 938 (D.C. Cir.), *cert. denied*, 400 U.S. 824 (1970).

DOJ, *FOIA Update*, Vol. IV, No. 3 (1983), *available at*

http://www.justice.gov/oip/foia_updates/Vol_IV_3/page5.htm (last accessed Nov. 27, 2024).

***Unreasonable Burden***

The OIP publication cited above further laid out the standard for what constitutes an unreasonable burden:

> However, it is well established that "broad, sweeping requests lacking specificity are not permissible." *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). *See, e.g.*, *Irons v. Schuyler*, 465 F.2d 608, 613 (D.C. Cir.) (request seeking "all unpublished manuscript decisions of the Patent Office" held "so broad in the context of the Patent Office files" as to be insufficient), *cert. denied*, 409 U.S. 1076 (1972); *Fonda v. CIA*, 434 F. Supp. 498, 501 (D.D.C. 1977) (request for all documents not mentioning plaintiff's name but which "concern her" held too broad). Further, the "reasonable" description requirement does fairly apply to locations to be searched, as well as to subject matter. *See, e.g.*, *Marks v. United States, supra*, 578 F.2d at 263 ("it would be an unreasonable interpretation of the FOIA" to construe it to require an automatic search of all FBI field offices.); *Shaw v. United States Department of State*, 559 F. Supp. 1053, 1061 (D.D.C. 1983) ("A reasonable description of the desired materials must include the location of the search.").

*Id.* FBI cites five cases as foundational grounds for its argument that Part 4 would impose an unreasonable burden upon the agency (FBI's Mem. at 5-6), but then does not discuss the truly extreme nature of the requests which gave way to that line of case law. Surveying cases, courts have found that requests were unduly burdensome when they required searching "IRS offices across the country," *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002), "every field office of the FBI," *Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978), "every branch office, staff office [etc.]," *Am. Fed'n of Gov't Employees v. Dep't of Commerce*, 907 F.2d 203, 208-209 (D.C. Cir. 1990) [hereinafter *AFGE*], or performing "'a page-by-page search' through the '84,000 cubic

feet of documents in the CIA Records Center,'" *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978) (alteration omitted), or a search "which [is] not compatible with [an agency's] own document retrieval systems," *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989).

## ARGUMENT

The Court should deny FBI's Motion and grant Musgrave's Cross-Motion because FBI improperly refused to process Part 4 of the request at issue in Count 1.

### I. THE TRUE SCOPE OF FBI'S ARGUMENT IS BROADER THAN INDICATED

As an initial matter, it is important to note that the position taken by FBI that searching the email accounts of "thousands of personnel located in hundreds of locations both in the United States and abroad" (FBI's Mem. at 6) is not actually the position FBI is taking. For over a decade, FBI has steadfastly refused in FOIA cases to search individual email accounts in all but the most extreme cases. While FBI has offered various arguments in various cases for this refusal—generally couching it in terms of futility based on the allegedly "comprehensive" Central Records System—each time FBI has included a complaint about the burden of searching any moderately large number of accounts for the same reasons given herein. Rather than considering the case of "thousands of personnel located in hundreds of locations both in the United States and abroad," it is perhaps more illustrative to consider a specific claim FBI made to the D.C. Circuit: searching the emails of 718 employees located in a single office would be unreasonably burdensome.

In the case *Brody v. DOJ*, No. 22-5043 (D.C. Cir.), the parties were arguing over whether a request which would allegedly require a search of the email accounts of all employees in the

5

Information Management Division (f/k/a Records Management Division) plus some unknown small number of additional custodians was unreasonably burdensome. When asked by the Panel whether FBI would still consider the request unreasonably burdensome if it were limited just to the 718 IMD employees, FBI's counsel stated, "Correct, we think the Records Management Division alone, with over 700 individual employees with two email accounts, we think that's burdensome." Oral Args. at 18:19-18:27 (Jan. 23, 2023), *available at* https://media.cadc.uscourts.gov/recordings/docs/2023/01/22-5043.mp3 (last accessed Nov. 27, 2024).[3]

*This* is why FBI's declarant ambiguously combines all the personnel whose email accounts would need to be searched for Parts 4 and 5 into "thousands of personnel located in hundreds of locations both foreign and domestic." (Seidel Decl., Dkt. #32-3, ¶ 30 (filed Nov. 4, 2024).) FBI does not want to indicate that it would make the same argument for either the Washington Field Office or San Francisco Field Office alone, regardless of how few employees worked there. It is primarily for this reason that Musgrave has elected to drop Part 5 from the case, so that FBI will be required to actually provide specific numbers for the employees located in these two distinct locations so that the Court can evaluate its argument with full understanding of the breadth of the position FBI is taking.

## II.    PART 4 REASONABLY DESCRIBES THE RECORDS SOUGHT

As noted above, the "linchpin inquiry" when considering the "reasonably describes" requirement is not how burdensome fulfilling a request would be, but "whether the agency is

---

[3] The undersigned apologizes for citing to the recorded arguments, but he does not have a transcript of these arguments. Should the Court desire one, Musgrave will be happy to obtain one and provide it to the Court.

able to determine 'precisely what records [are] being requested.'" *Yeager*, 678 F.2d at 326. As FBI admitted, "that general rule still requires that some 'subject matter' or defined 'class' of records be identified." (FBI's Mem. at 4 (quoting *AFGE*, 907 F.2d at 209).) Nobody can dispute that Musgrave identified with exacting particularity the subject matter and class of records he was requesting. He requested emails from two field offices which included one of two strings of text: @DevinCow or "Devin Nunes' Cow." That is all that FOIA requires to satisfy the "reasonably describes" test.

**III.     PART 4 WILL NOT REQUIRE AN UNREASONABLY BURDENSOME SEARCH**

.          This is the core of FBI's argument. Because it lacks the ability to centrally search multiple email accounts, FBI argues, a requester must specify particular custodians whose email accounts can be searched individually. (*Id.* at 6.) "Unless Plaintiff identifies specific custodians, the FBI would be required to search both the classified an unclassified email accounts of thousands of FBI employees, which would tax the FBI's electronic system and would require a significant amount of time and review by FBI analysts." (*Id.* at 6-7.)

This argument fails for two reasons. First, Musgrave *did* identify specific custodians: all the employees in the Washington Field Office and San Francisco Field Office. FBI's problem is not with his failure to identify custodians, but his failure to identify *a small enough number of them*. This transforms FBI's argument into a very simple question: how many employees' email accounts can a requester ask to be searched without constituting an unreasonable burden? In *Brody*, FBI's answer was "fewer than 718." It is unclear what FBI's answer is in this case. However, the weight of case law lies against there being *any* number significantly smaller than

"offices across the country," *Dale*, 238 F. Supp. 2d at 105, "every field office," *Marks*, 578 F.2d at 263 (9th Cir. 1978), or "every branch office, staff office [etc.]," *AFGE*, 907 F.2d at 208-209.

The case law cited by FBI in support of this argument is easily distinguishable. In each of the cases cited—*Protect the Pub.'s Tr. v. DOL*, No. 22-2849, 2023 U.S. Dist. LEXIS 168666 (D.D.C. 2023); *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37 (D.D.C. 2022); and *Am. Ctr. for L. & Just. v. DHS*, 573 F. Supp. 3d 78 (D.D.C. 2021)—there was a question as to which custodians' records the requesters were asking to be searched. The arguments centered on how difficult it would be to determine where to search, not purely how many places needed to be searched.

Moreover, FBI's claim that "the FBI would be required to search both the classified and unclassified email accounts of thousands of FBI employees" (FBI's Mem. at 7) only poses a problem if the search is being done by the FOIA office. However, that is not the way that FBI conducts FOIA searches. When the FBI FOIA office determines which custodians are likely to have responsive records, it tasks those custodians with performing searches of *their own records* and sending any responsive records to the FOIA office for review. Therefore, searching five employees' email accounts is no more burdensome than searching five hundred employees' email accounts, because each employee is conducting a separate search. When the search is simply for identified unique terms like "@DevinCow" and "Devin Nunes' Cow," a significant majority of the searches will be completed within a few minutes. For example, *collectively* it may take approximately 83 hours to search 1,000 email accounts, but that only means that 500 employees searched for ten minutes each. When all 500 employees can be tasked with the search in the same message, it is blatant hyperbole to claim that this "would tax the FBI's electronic

systems and would require a significant amount of time and review by FBI analysts." (FBI's Mem. at 7.)

To show that a search is unduly burdensome, the agency must "provide sufficient explanation as to why such a search would be unreasonably burdensome." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995). To meet that burden, an agency generally provides a "detailed explanation" of the "time and expense of a proposed search." *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008). FBI has done none of these.

## CONCLUSION

For the foregoing reasons, the Court should deny FBI's Motion for Summary Judgment on all contested issues and grant Musgrave's Cross-Motion for Summary Judgment.

Date:   November 27, 2024

                                                                    Respectfully submitted,

                                                                    /s/ Kelly B. McClanahan
                                                                  Kelly B. McClanahan, Esq.
                                                                  D.C. Bar #984704
                                                                  National Security Counselors
                                                                  4702 Levada Terrace
                                                                  Rockville, MD 20853
                                                                  301-728-5908
                                                                  240-681-2189 fax
                                                                  Kel@NationalSecurityLaw.org

                                                                  *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:21-cv-00554 (APM) |
| DEPARTMENT OF JUSTICE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Plaintiff Shawn Musgrave submits this response to Defendant's Statement of Material Facts as to Which There Is No Genuine Dispute.

1. Admit.

2. Admit.

3. Admit.

4. Deny. This is a conclusion of law.

5. Deny. Due to the voluntary removal from controversy of Part 5, it is unknown how many accounts will require searching, but they will all be located in two locations.

Date:   November 27, 2024

                                      Respectfully submitted,

                                       /s/ Kelly B. McClanahan
                                    Kelly B. McClanahan, Esq.
                                    D.C. Bar #984704
                                    National Security Counselors
                                    4702 Levada Terrace
                                    Rockville, MD  20853
                                    301-728-5908
                                    240-681-2189 fax
                                    Kel@NationalSecurityLaw.org

                                    *Counsel for Plaintiff*