UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE,

          Plaintiff,

    v.

DEPARTMENT OF JUSTICE,

          Defendant.

Civil Action No. 21-0554 (APM)

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT AND
<u>OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT</u>**

       Defendant the Department of Justice respectfully submits this reply in further support of its motion for summary judgment in this Freedom of Information Act ("FOIA") case (ECF No. 32) and in opposition to Plaintiff Sean Musgrave's cross motion for summary judgment. *See* Opp'n (ECF No. 36).

       Plaintiff's Opposition withdraws his claims regarding part 5 of the FOIA request to the Federal Bureau of Investigation ("FBI"). Opp'n at 4. In dropping part 5, Plaintiff essentially concedes that the FBI does not need to search for all records in the Criminal, Cyber, Response, and Services Branch. *See* Seidel Decl. ¶ 5 (ECF No. 32-3). In any event, Plaintiff's Opposition clarifies he still seeks "[a]ll emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the [Central Records System], used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow." Opp'n at 4. Even with this purported clarification, the requested records are not reasonably described. Record requests are reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc.*

*v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). Plaintiff argues that determining whether a request reasonably describes the records sought and whether the request would require an unduly burdensome search are distinct inquiries. Opp'n at 9. Plaintiff is incorrect. A request that requires an agency to perform an unduly burdensome search is a type of request that fails to reasonably describe the records sought as "as required by 5 U.S.C. § 552(a)(3)(A)." *Am. Fed'n of Gov't Emp. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990). In other words, a request like Plaintiff's that identifies "the documents requested with sufficient precision to enable the agency to identify them" would still fail to reasonably describe the records sought where the request is "so broad as to impose an unreasonable burden upon the agency." *Id.*; *see also Ctr. for Immigr. Studs. v. U.S. Citizenship & Immigr. Servs.*, 628 F. Supp. 3d 266, 271-72 (D.D.C. 2022) (requests "seeking difficult to locate records" or requiring "overly burdensome post-search efforts" are ways a request fails to meet the "'reasonably describes' requirement.")

Here, even if the FBI does not need to search for records in the Criminal, Cyber, Response, and Services Branch, the FBI still needs to search the classified and unclassified email boxes of all FBI employees at the Washington and the San Francisco Field Offices. Seidel Decl. ¶ 30 (ECF No. 32-3). The Washington Field Office includes a main office in Washington, D.C., along with a satellite office in Manassas, Virginia. FBI Washington, https://www.fbi.gov/contact-us/field-offices/washingtondc/about (last visited Jan. 18, 2025). The San Francisco Field Office includes a main office in San Francisco, California and seven satellite offices. FBI San Francisco, https://www.fbi.gov/contact-us/field-offices/sanfrancisco/about (last visited Jan. 18, 2025). To conduct a search in response to part 4 of the request the FBI would require the agency to search all unclassified inboxes and classified inboxes of all employees at both the Washington Field Office, the San Francisco Field Office, and all Washington and San Francisco satellite offices with

the term "@DevinCow."  Seidel Decl. ¶ 5 (ECF No. 32-3).  The @DevinCow social media account

that is the subject of Plaintiff's request has been active since August 2017.  *See* Devin Nunes' cow,

https://x.com/devincow?lang=en (last visited Jan. 18, 2025).  Thus, to conduct a complete search

not only would the FBI have to search the inboxes of the employees who were assigned to the

Washington and San Francisco field offices on May 17, 2021, the search cut-off date, Seidel Decl.

¶ 22 (ECF No. 32-3), but also it would have to search the accounts of all employees who were

assigned to either of those field offices (and their eight satellite offices) for all times between

August 2017 and May 2021.[1]  *Id*. ¶ 5.

Plaintiff also misunderstands how the FBI would conduct the searches.  Opp'n at 10.  The

FBI does not ask custodians to perform their own searches of their own email accounts and then

turn over the fruits of their respective searches to the FOIA office.  Rather, to conduct a search in

response to Plaintiff's request, FBI FOIA analysts identify each employee subject to the search,

both current and former employees, who worked at the Washington or San Francisco Field Offices

at any time between August 2017 and May 2021 and search each employee's classified and

unclassified email inboxes individually for the term "@DevanCow."  Seidel Decl. ¶¶ 28-29 (ECF

No. 32-3).  The FBI would then have to review every email with the term "@DevanCow" to

determine (1) if it is responsive to the FOIA request and, if so, (2) if it contain material exempt

from disclosure under the FOIA.  *Id*.  Performing such exhaustive searches and reviews would

"tax the FBI's electronic systems and would require a significant amount of time and review by

FBI analysts."  *Id*. ¶ 30; *see also Project on Predatory Lending v. Dep't of Just*, 325 F. Supp. 3d

---

[1]     The FBI cannot disclose the exact number of employees assigned to each field division
because that information is law enforcement sensitive, but the Washington Field Office has "more
than 830 special agents and more than 850 professional staff."   FBI Washington History
https://www.fbi.gov/history/field-office-histories/fbi-washingtondc-history (last visited Jan. 22,
2025)

638, 654 (W.D. Pa. 2018) (finding that searching through "nine terabytes of electronically stored information" would be burdensome because agency "does not have the technological capability to process the data").

Plaintiff misstates the degree of burdensomeness that is required for a search to be unreasonably burdensome. Opp'n at 9-10. A request does not need to seek records from "offices across the country" or "every field office" to be an unreasonably burdensome request. For example, in *Center for Immigration Studies*, 628 F. Supp. 3d at 272-73, the court determined that a request for nine months of emails sent to and from three identified agency officials was unduly burdensome because the request required the agency to process 1.6 million pages of responsive records. Similarly, the court in *Wright v. FBI*, Civ. A. No. 18-0687 (TSC) 2024 U.S. Dist. LEXIS 170896, at *5 (D.D.C. Sept. 23, 2024), found that requiring the FBI to search just its Sentinel records system for all records containing the term "Mosque" would be unreasonably burdensome because the search "would yield too many records to reasonably review for responsiveness." Here, searching the inboxes of every current and former FBI employee who worked in the San Francisco and Washington Field offices at any time from August 2017 to May 2021 would reduce the FBI's FOIA staff to "full time investigators on behalf of requesters." *Assassination Archives & Rsch. Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 U.S. App. LEXIS 27799 (D.C. Cir. Aug. 13, 1990).

Even if it were obvious which records Plaintiff is seeking, processing the request would require the FBI "to locate, review, redact, and arrange for inspection a vast quantity of material." *Am. Fed'n of Gov't Emp.,* 907 F.2d at 209. Thus, part 4 of Plaintiff's request is not a proper FOIA request because the request does not reasonably describe the records sought.

**CONCLUSION**

For these reasons and the reasons stated in Defendant's underlying motion, the Court should grant Defendant's motion for summary judgment and deny Plaintiff's cross motion for summary judgment.

Dated: January 24, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____ */s/ John J. Bardo*_____
    JOHN J. BARDO, D.C. Bar #1655534
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 870-6770

*Attorneys for the United States of America*