UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE,

        Plaintiff,

   v.

DEPARTMENT OF JUSTICE,

        Defendant.

Civil Action No. 21-0554 (APM)

## **DEFENDANT'S LOCAL RULE 7(h) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

1. On November 9, 2020, Plaintiff submitted a FOIA request to the FBI for:

   (1) All main file records about the Twitter account @DevinCow, a/k/a "Devin Nunes' Cow." For the remainder of this request, "@DevinCow" will be shorthand for "the Twitter account @DevinCow, a/k/a 'Devin Nunes' Cow."

   (2) All cross-references in the Central Records System ("CRS") about @DevinCow.

   (3) All internal emails or other correspondence records mentioning @DevinCow created or maintained by the Office of Congressional Affairs.

   (4) All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the CRS, used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow.

   (5) All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the CRS, used by the Criminal, Cyber, Response, and Services Branch mentioning @DevinCow.

*See* FBI FOIA Request (ECF No. 32-4 at 3).

2. The FBI searched for records responsive to parts 1-3 of the request but did not locate any responsive records. Seidel Decl. ¶ 21-25 (ECF No. 32-3).

3.	Plaintiff is not contesting the scope of the search, or any other aspect of the FBI's response to parts 1-3.  Jt. Status Report ¶¶ 2-4 (ECF No. 31).

4.	the FBI determined it could not search for records responsive to parts 4 and 5 of the request because Plaintiff did not describe the records sought in a manner that would allow the FBI to locate responsive records with a reasonable amount of effort.  Seidel Decl. ¶¶ 26-30 (ECF No. 32-3).

5.	On November 4, 2024, The FBI moved for summary judgment arguing that Plaintiff failed to reasonably describe the records sought in parts 4 and 5 of the request.  *See* Mot. For Summ. J. (ECF No. 32).

6.	In his opposition and cross motion for summary judgment, Plaintiff eliminated part 5 of his request from this case.  Opp'n at 2 (ECF No. 35).

7.	After excluding part 5, the sole remaining issue is whether Plaintiff's request for "All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the CRS, used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow" reasonably described the records sought.  Declaration of Shannon Hammer ¶ 5 (attached herewith).

8.	The FBI does not have a database that allows it to simultaneously mine all email accounts in a particular division for emails containing a single term.  Hammer Decl. ¶¶ 7-8.

9.	To locate responsive records, FBI would need to search each account individually for the term "@DevonCow."  Hammer Decl. ¶ 910.

10.	Fully responding to Plaintiff's requests would require the FBI to search the classified and unclassified inboxes of the thousands of FBI employees who worked in the Washington and San Francisco Field Offices during an indeterminate time period.  Hammer Decl. ¶ 12

- 3 -

Dated: July 28, 2025 	Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     */s/ John J. Bardo*
     JOHN J. BARDO, D.C. Bar #1655534
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 870-6770

*Attorneys for the United States of America*