UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN MUSGRAVE,

    Plaintiff,

        v.

U.S. DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 21-cv-554 (APM)

### DECLARATION OF SHANNON R. HAMMER

I, Shannon R. Hammer, declare as follows:

1. I am currently the Acting Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division, Federal Bureau of Investigation (FBI), located in Winchester, Virginia. From January 2024 until April 2025, I held the position of Assistant Section Chief of RIDS. I joined the FBI in October 2006, and prior to becoming the Assistant Section Chief of RIDS, I held the positions of Acting Assistant Section Chief of RIDS; Unit Chief of the National Security and Classification Operations Unit; Unit Chief of a Freedom of Information/Privacy Act (FOIPA) Operations Unit; and a supervisor in the Initial Processing Operations Unit. In those capacities, I had management oversight for the RIDS national security review program; enterprise declassification review compliance pursuant to Executive Order 13526, and classification reviews for civil and criminal discovery matters; and I oversaw the front-end operations of the FBI's FOIPA program.

2. In my official capacity as Acting Section Chief of RIDS, I supervise approximately 208 FBI employees, supported by approximately 103 contractors, who staff a total

of eight Federal Bureau of Investigation Headquarters (FBIHQ) units and two field operational service center units. RIDS collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA, 5 U.S.C. § 552, as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974, 5 U.S.C. § 552a; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, including information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request that is the subject of this litigation.

4. This declaration incorporates and supplements information previously provided in the Declaration of Michael G. Seidel ("Seidel Declaration"), filed on November 4, 2024. (ECF No. 32.) The FBI submits this declaration in further support of Defendant's Motion for Summary Judgment.[1] This declaration further explains the FBI's justification for denying part four of Plaintiff's request as not reasonably described.

---

[1] The administrative history related to the initial handling of Plaintiff's FOIA requests has been previously discussed in the FBI's first declaration in this case. (ECF No. 32, Seidel Declaration, ¶¶ 5 - 13.)

## ITEM FOUR OF PLAINTIFF'S REQUEST IS NOT REASONABLY DESCRIBED

5. Because the FBI's search of the CRS did not locate any responsive records, the FBI evaluated item four of Plaintiff's request and determined that the request is not described in a way that would facilitate further targeted or email searches. Plaintiff generally seeks emails used by the San Francisco Field Office and Washington Field Office. The FBI determined that this broad sweeping request subject lacks the specificity that would enable FBI personnel to locate email records with a reasonable amount of effort because it lacks custodians and time frame.

*Records Sought Must Be Reasonably Described*

6. Legally compliant FOIA requests must (i) reasonably describe the records sought; and (ii) be made in accordance with published rules. See 5 U.S.C. § 552(a)(3)(A). DOJ's FOIA regulation requires requesters to "describe the records sought in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort." See 28 C.F.R. §16.3(b).

*The Nature of FBI Email Records*

7. FBI email communications are stored within the separate email accounts of FBI employees. These accounts include all emails sent to or from the specific employees. Typically, FBI employees have two email accounts – one unclassified email account (UNet) capable of communicating internally, with other government agencies (OGAs), with other branches of the United States Government, and with the public/non-governmental entities; and one classified account (FBINet) to communicate up to the "SECRET" classification level, able to communicate internally, with OGAs, and with other branches of the United States Government. Due to this

structure, the FBI must first identify likely custodians of responsive records, and whether communications are likely to be stored within their unclassified and/or classified accounts.

8. Once likely custodians and the appropriate accounts (classified or unclassified) are identified, the FBI must then develop appropriate search terms to search within individual accounts. Since there is no index within FBI employees' email accounts, terms must be designed to efficiently search all text of emails within employees' accounts. In doing this, the FBI also uses Boolean search limiters to craft appropriate searches of email records.[2] This combination of terms and limiters allows the FBI to conduct email searches for responsive records with a reasonable amount of effort and a reasonable likelihood of locating responsive records.

9. The FBI employs approximately 38,000 Special Agents and Professional Staff across 55 field offices and 351 satellite offices throughout the United States.[3] Request item four seeks all emails in the FBI email systems or personal email folders on personal computers used by the Washington Field Office and San Francisco Field Office mentioning "@DevinCow." These two field office locations are among the FBI's larger locations, with the Washington Field Office employing over 1,600 Special Agents and Professional Staff.[4]

---

[2] Commonly the FBI will use the Boolean search limiter "AND" between two search terms. This will limit results to documents that contain both search terms. Additionally, the FBI uses "OR" between search terms to find documents that contain at least one of the search terms. Finally, and rarely, the FBI uses "NOT" between search terms to limit to documents that contain the first search term but not the second. For example, searching "investigation NOT robbery" would limit to documents containing "investigation," but not those documents that also contain term word "robbery."

[3] *See* www.justice.gov/doj/federal-bureau-investigation (last accessed July 7, 2025) and www.fbi.gov/about/faqs/how-many-people-work-for-the-fbi (last accessed July 7, 2025).

[4] *See* www.fbi.gov/history/field-office-histories/fbi-washingtondc-history (last accessed July 7, 2025). The San Francisco Field Office does not publish its personnel counts and the Washington Field Office has not published a more recent personnel count. These offices do not publish their current employee counts. Disclosure of this information would result in foreseeable harm to the FBI's operations and provide criminals with a roadmap of FBI resources, allowing such individuals to determine where their criminal activities are more likely to be detected so that they

10. To conduct a reasonable search of FBI email communications, the FBI must first identify likely custodians and accounts (classified or unclassified) and then develop appropriate search terms to utilize when searching individual accounts. The locations listed in Plaintiff's request employ thousands of personnel in numerous locations.[5] While Plaintiff provides a specific term "@DevinCow" that may be searchable, the request does not first identify specific custodians within these offices likely to possess emails pertaining to the subject of his request. Without specific custodians, the FBI would be required to search the email accounts of thousands of FBI employees, which would tax the FBI's electronic systems and would require a significant amount of time and review by FBI analysts. Accordingly, because it is the requester's responsibility to frame requests with sufficient particularity to ensure that searches are not unreasonably burdensome, the FBI determined that item four of Plaintiff's request is not reasonably described in a manner that would allow an employee of the agency to locate records outside the CRS with a reasonable amount of effort. Furthermore, as discussed in the First Seidel Declaration at ¶ 17, n. 3., FBI policy mandates that FBI personnel enter all federal records into an authorized FBI recordkeeping system, and this includes email records.

11. The Plaintiff asserts in his November 28, 2024, Cross Motion for Summary Judgement (ECF 36) that the FBI's FOIA program tasks custodians with searching their own records in response to requests for emails. That is not correct. Employees frequently enter and leave employment with the agency, move to different offices, and/or may be unreachable at the time such searches are requested, making this method of searching ineffective. In addition, requiring employees to field a constant stream of FOIA requests for their email records would

---

may move their criminal operations to locations with less resources available. Precise numbers have been made available to the court via *in camera* declaration filed concurrently.
[5] A field office typically includes several satellite offices and/or resident agency locations.

impart extreme logistical and administrative burdens on the process. As a result, the FBI relies on an enterprise email search platform to conduct appropriate searches of the email records of identified custodians within a given timeframe. This ensures that the correct pool of records is subject to the search regardless of employee status. With no clear list of custodians and no specified timeframe, the FBI would be required to identify who was employed within the two field offices across an unspecified timeframe during which individuals would have been coming and going, assembling a list of those individuals, and then querying both their UNet and FBINet email accounts using the supplied terms.

12. During the month of November 2020 when Plaintiff originally filed its request, the two offices employed thousands of employees; however, as discussed in ¶ 11, this merely represents the number of personnel at these offices during a specific snapshot in time. While the burden of searching such a vast number of accounts is substantial in and of itself, the lack of a concrete timeframe further complicates the matter. If Plaintiff were to desire a complete search of all employees who would have been employed in those offices in the three months leading up to their request, the shifting of personnel alone would considerably increase those numbers and would require extensive documentation and research. If that timeframe is extended out to six months, a year, etc. those issues compound exponentially.

## CONCLUSION

13. Part four of Plaintiff's request does not constitute a valid FOIA request, as Plaintiff fails to reasonably describe records that the FBI could locate with a "reasonable amount of effort." While Plaintiff provides a potentially searchable term, the request does not specify individual custodians likely to possess relevant emails, instead naming entire field offices, comprising thousands of employees. The process of identifying and then searching the email accounts of such a vast number of personnel would overburden the FBI's electronic systems and

require extensive time and resources. Consequently, the FBI properly denied part four of Plaintiff's request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                                    _____
Shannon R. Hammer
Acting Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia