UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:21-cv-00554 (APM) |
| | * |
| DEPARTMENT OF JUSTICE, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully moves the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order granting summary judgment in favor of Plaintiff on all contested issues on the grounds that no genuine issue as to any material fact exists and Plaintiff is entitled to judgment as a matter of law.

In support of this motion, the Court is respectfully referred to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Renewed Motion for Summary Judgment and in Support of Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Statement of Material Facts as to Which There Is No Genuine Dispute.

A proposed Order consistent with the relief sought also accompanies this Motion.

Date:   August 22, 2025

                                                              Respectfully submitted,

                                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              D.C. Bar #984704
                                              National Security Counselors
                                              1451 Rockville Pike
                                              Suite 250
                                              Rockville, MD  20852
                                              501-301-4672
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN MUSGRAVE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:21-cv-00554 (APM) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Shawn Musgrave ("Musgrave") brought this case against Defendant Department of Justice ("DOJ") to obtain, *inter alia*, various categories of Federal Bureau of Investigation ("FBI")[1] emails under the Freedom of Information Act ("FOIA"). (1st Am. Compl., Dkt. #8-1, ¶ 16 (filed July 4, 2021).) After several years, in which FBI and other DOJ components processed Musgrave's FOIA requests to Musgrave's satisfaction, FBI filed a Motion for Summary Judgment in which it broadly complained about the scope of two parts of one request. After Musgrave withdrew one of the parts to illustrate the lack of specificity behind FBI's objections, FBI continued to argue in generalities, prompting this Court to order the parties to rebrief their competing motions, this time with specifics about the logistics of processing the one remaining part. Despite being generously given an opportunity to either reverse its position or prove with particularity that it is entitled to relief, FBI has once again come to this Court with nothing but

---

[1] Because all remaining issues in controversy pertain exclusively to FBI, it will be treated as the "Defendant" herein, even though DOJ is the only proper party Defendant.

generalized objections and overblown rhetoric. The Court should not give FBI a third bite at the apple and should accordingly grant Musgrave's Cross-Motion in full.

Because FBI has renewed many of its original arguments—despite being clearly informed of their futility in the last round of briefing—a significant portion of this Opposition will be a verbatim copy of Musgrave's previous briefs in this matter. Musgrave apologizes to the Court for this duplication.

## STANDARD OF REVIEW

While Musgrave agrees for the most part with FBI's characterization of the relevant case law, FBI's recitation is incomplete or inaccurate in a few ways.

### *The Requirements Are Distinct*

As an initial matter, FBI continues to argue that the question of whether a request reasonably describes the records sought is not separate and distinct from the question of whether a request would require an unreasonably burdensome search. However, there is no merit to this argument. *See* DOJ Office of Information Policy, *Department of Justice Guide to the Freedom of Information Act*, "Procedural Requirements" 28 (Aug. 20, 2021), *available at* https://www.justice.gov/media/1162791/dl?inline (last accessed Aug. 22, 2025) (identifying the unreasonable burden standard as a "corollary to the 'reasonably described' inquiry").[2]

---

[2] The Office of Information Policy ("OIP") is generally described by the Government as the "FOIA experts" when it asks a court to accept that office's conclusions uncritically. *See*, *e.g.*, Decl. of Okechi Chigewe, Dkt. #79-4, ¶ 79 (filed Apr. 10, 2024), *Am. Civil Lib. Union of S. Cal. v. ICE*, No. 22-4760 (C.D. Cal.) ("[T]he U.S. Department of Justice's Office of Information Policy (OIP) . . . encourages and oversees federal agency compliance with the FOIA."); Def.'s Reply Pls.' Opp'n DOJ Component EOUSA's Mot. Summ. J., Dkt. #23, at 3 (filed Apr. 5, 2013), *Shapiro v. DOJ*, No. 12-1883 (D.D.C.) (urging court to disregard DOJ component's interpretation in favor of OIP's because "EOUSA is not authorized to make and/or adopt official agency policy with respect to FOIA [because] Department of Justice regulations, specifically 28

FBI's confusion on this point appears to be based on a false equivalency between overbreadth and undue burden. A request is not reasonably described if it is *overbroad*, in that an agency cannot determine what records are being sought. That is a question which can be decided by only considering the text of the request itself. In contrast, an argument that a request is unduly burdensome can only be made with evidence about the burden that processing it would impose, which is information extrinsic to the request. *See Protect the Pub.'s Tr. v. DOL*, No. 22-2849, 2023 U.S. Dist. LEXIS 168666, at *6 n.2 (D.D.C. 2023) ("The question of whether a FOIA request is impermissibly overbroad is different from whether it is too burdensome. . . . Unlike the former, the latter question is appropriately decided on summary judgment, and so the Court does not address it.").

This is not an academic distinction, and it proves fatal for FBI's argument that Musgrave's request does not reasonably describe the records sought. If the Court *only* evaluates the request *on its face*, without considering anything FBI has to say about how it searches for records or how long it would take, it cannot help but conclude that, *on its face*, a request for all emails in two field offices containing two specific, unique Twitter account handles, would allow "a professional employee of the agency familiar with the subject matter [to] locate the records with a reasonable amount of effort." (Def.'s Renewed Mot. Summ. J. & Mem. Supp. Thereof, Dkt. #48, at 5 (filed July 28, 2025) [hereinafter FBI's Mot.] (quoting *Freedom Watch, Inc. v.*

---

C.F.R. §0.24(b), vests that authority with the Office of Information Policy[,]" and describing "its comprehensive guide to FOIA"); Defs.' Reply Supp. Part. Mot. Dismiss Pls.' 1st Am. Compl., Dkt. #23, at 15 n.6 (filed June 1, 2012), *Nat'l Sec. Counselors v. CIA*, No. 12-284 (D.D.C.) (urging court to disregard Office of Government Information Services's interpretation in favor of OIP's because the "DOJ Office of Information Policy [is] tasked to develop policy and issue FOIA guidance"). *See also* DOJ, *Justice Manual § 4-6.332* ("The Guide to the Freedom of

*CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012)).) Any proffered evidence about how difficult the search would be would only be relevant to the *separate* inquiry of whether the request was unduly burdensome.

*The "Reasonably Describes" Requirement*

FBI cites several cases as foundational grounds for its argument that Part 4 does not reasonably describe the records sought, but in conflating the "reasonably describes" requirement and the "unreasonable burden" requirement—as described above—it runs afoul of the clear understanding of what it means to "reasonably describe the records sought." Simply put, the burdensomeness of a request is not a factor to be considered when the "linchpin inquiry" is "whether the agency is able to determine 'precisely what records [are] being requested.'" *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982) (alteration in original) (quoting S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974)). This is especially important in this case, in which FBI's argument lies in direct opposition to Congress's explicit admonition that agencies are not to use the "reasonably describes" requirement "to obstruct public access to agency records." S. Rep. No. 93-854, at 10.

OIP—the Government's "FOIA experts"—explained the limitations of this provision clearly over forty years ago:

> **Can an agency deny a FOIA request which requires an extremely burdensome search, and/or encompasses an enormous volume of records, on the ground that the records are not "reasonably described?"**
>
> No. The sheer size or burdensomeness of a FOIA request, in and of itself, does not entitle an agency to deny that request on the ground that it does not "reasonably describe" records within the meaning of 5 U.S.C. § 552(a)(3)(A).

---

Information Act[,] a publication of the Office of Information Policy, is a comprehensive legal treatise on FOIA exemptions and litigation.").

> That provision in the FOIA was intended to ensure that a FOIA request description "be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." H.R. Rep. No. 93-876, 93d Cong., 2d Sess. 6 (1974). *See also* S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974) ("[T]he identification standard should not be used to obstruct public access to agency records."); *Bristol-Meyers Co. v. FTC*, 424 F.2d 935, 938 (D.C. Cir.), *cert. denied*, 400 U.S. 824 (1970).

DOJ, *FOIA Update*, Vol. IV, No. 3 (1983) [hereinafter 1983 *FOIA Update*], *available at*

http://www.justice.gov/oip/foia_updates/Vol_IV_3/page5.htm (last accessed Aug. 22, 2025).

And critically, the test for "reasonable descriptiveness" is not whether it would require a *minimal* amount of effort, just a *reasonable* amount, and one cannot argue that locating emails containing specific terms is "'seeking difficult to locate records' or requiring 'overly burdensome post-search efforts.'" (Def.'s Reply Further Supp. Mot. Summ. J. & Opp'n Pl.'s Cross Mot. Summ. J., Dkt. #40, at 2 (filed Jan. 24, 2025) [hereinafter FBI's 1st Reply] (quoting *Ctr. for Immigr. Studs. v. USCIS*, 628 F. Supp. 3d 266, 271-72 (D.D.C. 2022).)

*Unreasonable Burden*

The OIP publication cited above further laid out the standard for what constitutes an unreasonable burden:

> However, it is well established that "broad, sweeping requests lacking specificity are not permissible." *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). *See, e.g., Irons v. Schuyler*, 465 F.2d 608, 613 (D.C. Cir.) (request seeking "all unpublished manuscript decisions of the Patent Office" held "so broad in the context of the Patent Office files" as to be insufficient), *cert. denied*, 409 U.S. 1076 (1972); *Fonda v. CIA*, 434 F. Supp. 498, 501 (D.D.C. 1977) (request for all documents not mentioning plaintiff's name but which "concern her" held too broad). Further, the "reasonable" description requirement does fairly apply to locations to be searched, as well as to subject matter. *See, e.g., Marks v. United States, supra*, 578 F.2d at 263 ("it would be an unreasonable interpretation of the FOIA" to construe it to require an automatic search of all FBI field offices.); *Shaw v. United States Department of State*, 559 F. Supp. 1053, 1061 (D.D.C.

5

>1983) ("A reasonable description of the desired materials must include the location of the search.").

1983 *FOIA Update.* FBI cites five cases as foundational grounds for its argument that Part 4 would impose an unreasonable burden upon the agency (FBI's Mot. at 9), but then does not discuss the truly extreme nature of the requests which gave way to that line of case law. Surveying cases, courts have found that requests were unduly burdensome when they required searching "IRS offices across the country," *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002), "every field office of the FBI," *Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978), "every branch office, staff office [etc.]," *Am. Fed'n of Gov't Employees v. Dep't of Commerce*, 907 F.2d 203, 208-209 (D.C. Cir. 1990) [hereinafter *AFGE*], or performing "'a page-by-page search' through the '84,000 cubic feet of documents in the CIA Records Center,'" *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978) (alteration omitted), or a search "which [is] not compatible with [an agency's] own document retrieval systems," *Assassination Archives & Research Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989).

### The Presumption of Good Faith

FBI relies heavily on the presumption of good faith, which it describes as being afforded to "agency declarations." (FBI's Mot. at 4.) However, this presumption is *rebuttable*, and, most relevantly to this case, it does not apply in cases in which the moving party's declarations are facially inadequate or internally contradictory, as is the case here.

*Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982), sets the standard for a facially adequate declaration which can be enough to suffice in the absence of contrary declarations or documentary evidence:

> [I]n the absence of countervailing evidence *or apparent inconsistency of proof*, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA. In considering a challenge to an agency's retrieval procedures, a reviewing court must thus determine whether *the materials submitted by the agency* satisfactorily demonstrate the adequacy of the search conducted. *Where the agency's responses raise serious doubts as to the completeness of the search or are for some other reason unsatisfactory, summary judgment in the government's favor would usually be inappropriate.*

684 F.2d at 127 (emphasis added).

## ARGUMENT

The Court should deny FBI's Motion and grant Musgrave's Cross-Motion because FBI improperly refused to process Part 4 of the request at issue in Count 1.

### I.   THE TRUE SCOPE OF FBI'S ARGUMENT IS BROADER THAN INDICATED

As an initial matter, it is important to note that the position taken by FBI that searching "both the classified and unclassified email accounts of thousands of FBI employees" (FBI's Mot. at 7) is not actually the position FBI is taking. For over a decade, FBI has steadfastly refused in FOIA cases to search individual email accounts in all but the most extreme cases. While FBI has offered various arguments in various cases for this refusal—generally couching it in terms of futility based on the allegedly "comprehensive" Central Records System—each time FBI has included a complaint about the burden of searching any moderately large number of accounts for the same reasons given herein. Rather than considering the case of "thousands of employees," the Court should consider a specific claim FBI made to the D.C. Circuit: searching the emails of 718 employees located in a single office would be unreasonably burdensome.

In the case *Brody v. DOJ*, No. 22-5043 (D.C. Cir.), the parties were arguing over whether a request which would allegedly require a search of the email accounts of all employees in the

7

Information Management Division ("IMD") (f/k/a Records Management Division) plus some unknown small number of additional custodians was unreasonably burdensome. When asked by the Panel whether FBI would still consider the request unreasonably burdensome if it were limited just to the 718 IMD employees, FBI's counsel stated, "Correct, we think the Records Management Division alone, with over 700 individual employees with two email accounts, we think that's burdensome." Oral Args. at 18:19-18:27 (Jan. 23, 2023), *available at* https://media.cadc.uscourts.gov/recordings/docs/2023/01/22-5043.mp3 (last accessed Aug. 22, 2025).[3]

Therefore, when considering whether FBI's claims of unreasonable burden have merit, this Court needs to closely consider that FBI would make—and has made—the very same claims when only 718 employees were involved. Put simply, if an agency claims that searching the records of 700 people would be unreasonably burdensome, then the Court cannot trust that agency's claim that searching the records of 7000 people would be unreasonably burdensome, because the agency has been shown to have an impermissibly low threshold for what constitutes an "unreasonable burden." Put more colorfully, if a witness treats a papercut like a mortal wound, that witness's testimony about the severity of *any* wound cannot be trusted.

## II.   PART 4 REASONABLY DESCRIBES THE RECORDS SOUGHT

As noted above, the "linchpin inquiry" when considering the "reasonably describes" requirement is not how burdensome fulfilling a request would be, but "whether the agency is able to determine 'precisely what records [are] being requested.'" *Yeager*, 678 F.2d at 326. As

---

[3] The undersigned apologizes for citing to the recorded arguments, but he does not have a transcript of these arguments. Should the Court desire one, Musgrave will be happy to obtain one and provide it to the Court.

8

FBI admitted, "that general rule still requires that some 'subject matter' or defined 'class' of records be identified." (FBI's Mot. at 5 (quoting *AFGE*, 907 F.2d at 209).) Nobody can dispute that Musgrave identified with exacting particularity the subject matter and class of records he was requesting. He requested emails from two field offices which included one of two strings of text: @DevinCow or "Devin Nunes' Cow." That is all that FOIA requires to satisfy the "reasonably describes" test.

### III.    PART 4 WILL NOT REQUIRE AN UNREASONABLY BURDENSOME SEARCH

.      This is the core of FBI's argument. Because it lacks the ability to centrally search multiple email accounts, FBI argues, a requester must specify particular custodians whose email accounts can be searched individually. (*Id.* at 7.) "Unless Plaintiff identifies specific custodians, Part 4 requires the FBI to search both the classified and unclassified email accounts of thousands of FBI employees, which would tax the FBI's electronic systems and would require a significant amount of time and review by FBI analysts." (*Id.*)

This argument fails for two reasons. First, Musgrave *did* identify specific custodians: all the employees in the Washington Field Office and San Francisco Field Office. FBI's problem is not with his failure to identify custodians, but his failure to identify *a small enough number of them*. This transforms FBI's argument into a very simple question: how many employees' email accounts can a requester ask to be searched without constituting an unreasonable burden? In *Brody*, FBI's answer was "fewer than 718." It is unclear what FBI's answer is in this case. However, the weight of case law lies against there being *any* number significantly smaller than "offices across the country," *Dale*, 238 F. Supp. 2d at 105, "every field office," *Marks*, 578 F.2d at 263 (9th Cir. 1978), or "every branch office, staff office [etc.]," *AFGE*, 907 F.2d at 208-209.

9

The case law cited by FBI in support of this argument is easily distinguishable. In each of the cases cited—*Protect the Pub.'s Tr. v. DOL*, No. 22-2849, 2023 U.S. Dist. LEXIS 168666 (D.D.C. 2023); *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37 (D.D.C. 2022); and *Am. Ctr. for L. & Just. v. DHS*, 573 F. Supp. 3d 78 (D.D.C. 2021)—there was a question as to which custodians' records the requesters were asking to be searched. The arguments centered on how difficult it would be to determine where to search, not purely how many places needed to be searched.

Moreover, FBI's claim that "Part 4 requires the FBI to search both the classified and unclassified email accounts of thousands of FBI employees" (FBI's Mot. at 7) only poses a problem if the search is being done by the FOIA office. However, as previously noted, that is not traditionally the way that FBI has conducted FOIA searches. While FBI implies that this system has changed in the last few years (Hammer Decl., Dkt. #48-2, ¶ 11 (filed July 28, 2025)), the previous system is illustrative of the weakness of FBI's argument. Until recently, when the FBI FOIA office determined which custodians are likely to have responsive records, it would task those custodians with performing searches of *their own records* and sending any responsive records to the FOIA office for review, as described in its filings in other cases:

- "Without identified (or even described) employee-custodians of potentially responsive records, the FBI cannot conduct email or electronic searches, because the FBI lacks the technical capability to search for electronic records without specific employee-custodians being identified . . . . And it is simply not reasonable (or even feasible) to ask *every* FBI office and the more than 35,000 employees of the FBI to conduct searches for any non-investigative records

10

- bearing the name of Donald John Trump, unrelated to the FBI's law enforcement mission, which may or may not exist." 2d Hardy Decl., Dkt. #21-1, ¶ 16 (filed Jan. 29, 2018), *Prop. of the People, Inc. v. DOJ*, No. 17-1193 (D.D.C.).

- "Furthermore, without identified (or even described) employee-custodians, the FBI cannot conduct e-mail searches. This is because the FBI lacks the technical capability to search for emails without specific employee-custodians being identified . . . . Additionally, it is simply not reasonable (or even feasible) to ask every FBI office and the more than 35,000 employees of the FBI to conduct email searches related to Plaintiff's requests." 3d Hardy Decl., Dkt. #41-2, ¶ 12 (filed Nov. 21, 2018), *Machado Amadis v. DOJ*, No. 16-2230 (D.D.C.).

Neither of these declarations mentioned the "enterprise email search platform" described by FBI's declarant (Hammer Decl. ¶ 11), implying that this is a relatively new development. However, the fact that FBI *no longer* tasks individual records custodians with searching their own records does not mean that it *cannot*, and its complaint that "requiring employees to field a constant stream of FOIA requests for their email records would impart extreme logistical and administrative burdens on the process" (*id*.) rings hollow when it repeatedly testified that its FOIA search process was *exactly that* for *years*. FBI is effectively arguing that it should not be forced to task these particular employees in these particular offices to conduct this particular search for records responsive to this particular request when the "usual" process does not suffice because it would be unduly burdensome for *every* employee in *every* office to conduct *every* search for records responsive to *every* request *all of the time*. And its entire reason for doing this is that when it developed—or hired a contractor to develop—"an enterprise email search

11

platform" (*id.*) that it did not already possess, it made the deliberate and calculated choice to not include functionality "that allows it to simultaneously mine all email accounts in a particular division for emails containing a single term." (Def.'s Local R. 7(h) Statement Mat. Facts as to Which There Is No Genuine Disp., Dkt. #48-1, ¶ 8 (filed July 28, 2025).) In other words, FBI *chose* a system that would make it more difficult to search for emails, and now it is claiming that the limitations of that system make it too difficult to search for emails.

Therefore, the Court should order FBI to conduct a search for responsive records, and if it *elects* to conduct that search using the most burdensome option, that is the agency's choice. However, the Court should not accept FBI's argument that the existence of a more burdensome option means than it should not have to conduct the search *at all* when a less burdensome option exists. For example, if an agency database has a keyword search option, the agency cannot be heard to argue that it does not have to search the database because manually reading all the database entries one by one would be unreasonably burdensome. This argument is no different.

FBI's last argument is predicated on a blatant mischaracterization of the request. While FBI does not use the term "search cut-off date" in its Motion, as it did before (FBI's 1st Reply at 3), its argument still relies on the Court accepting the premise that FBI would have to search for records that were in existence *in 2021* as opposed to records that are in existence *now*. This is a problem entirely of FBI's own making. Had FBI properly processed the request in 2021 when it was supposed to, it would not have needed to worry about "many employees who were working in the Washington and San Francisco Field Offices [who] have since transferred to other offices or ended their employment with the FBI." (FBI's Mot. at 8.) It instead delayed and obstructed for four years, and now it is complaining that the passage of time *that it caused* now makes the

search unreasonably burdensome. An agency cannot bootstrap its way into an unreasonable burden by delaying its processing of a request.

However, even if it could do so, this would not save FBI's request. FBI complains that "if Plaintiff were to desire a complete search of all employees who would have been employed in those offices in the three months leading up to their request, the shifting of personnel alone would considerably increase those numbers and would require extensive documentation and research." (Hammer Decl. ¶ 12.). But Musgrave did not include a timeframe for the request because the timeframe is *records which exist when the search is conducted*, like almost all other FOIA requests. Had FBI done the search in 2021, it would have presumably included almost all of the employees who were employed in 2020. But even then, Musgrave invites the Court to imagine what FBI's argument would have been if he had asked the Court to force FBI to search the email accounts of employees who were no longer there. FBI would have strenuously argued that it was not required to conduct a "perfect" search, only an "adequate" one, and that a search of all active email accounts was adequate. And the Court would likely have agreed.

To show that a search is unduly burdensome, the agency must "provide sufficient explanation as to why such a search would be unreasonably burdensome." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995). To meet that burden, an agency generally provides a "detailed explanation" of the "time and expense of a proposed search." *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C. 2008). FBI has done none of these; it has only made vague and unsubstantiated complaints. Musgrave is still only asking the Court to force FBI to do an adequate search. If that means that it only has to search the email accounts of the employees who are employed on the day of the search, so be it. Some employees who were not even hired yet in

13

2020 may in fact have responsive records, because the cut-off date is the date of the *search*, which has not happened yet. But Musgrave has waited almost five years for FBI to even *look*. It is time for FBI to conduct its search and for this case to conclude.

## CONCLUSION

For the foregoing reasons, the Court should deny FBI's Motion for Summary Judgment on all contested issues and grant Musgrave's Cross-Motion for Summary Judgment.

Date:   August 22, 2025

                                                    Respectfully submitted,

                                                   /s/ Kelly B. McClanahan
                                                   Kelly B. McClanahan, Esq.
                                                   D.C. Bar #984704
                                                   National Security Counselors
                                                   1451 Rockville Pike
                                                   Suite 250
                                                   Rockville, MD  20852
                                                   501-301-4672
                                                   240-681-2189 fax
                                                   Kel@NationalSecurityLaw.org

                                                   *Counsel for Plaintiff*

14


# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN MUSGRAVE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:21-cv-00554 (APM) |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Rule 7(h), Plaintiff Shawn Musgrave ("Musgrave") submits this Statement of Material Facts As To Which There Is No Genuine Dispute.

1. On 9 November 2020, Musgrave submitted to the Federal Bureau of Investigation ("FBI") the Freedom of Information Act ("FOIA") request identified in Paragraph 1 of Defendant's Local Rule 7(h) Statement of Material Facts as to Which There is No Genuine Dispute, Dkt. #32-1.

2. FBI claims that it is not able to search for records responsive to Part 4 of the request because the request does not reasonably describe the records sought and would require an unreasonably burdensome search.

Date:   August 22, 2025

                                                      Respectfully submitted,

                                                       /s/ Kelly B. McClanahan
                                                      Kelly B. McClanahan, Esq.
                                                      D.C. Bar #984704
                                                      National Security Counselors
                                                      1451 Rockville Pike
                                                      Suite 250
                                                      Rockville, MD  20852
                                                      501-301-4672
                                                      240-681-2189 fax
                                                      Kel@NationalSecurityLaw.org

                                                      *Counsel for Plaintiff*

2