UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN MUSGRAVE,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>   Defendant. | Civil Action No. 21-0554 (APM) |

**DFEENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT AND OPPOSITION TO
<u>PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT</u>**

Defendant the Department of Justice respectfully submits this reply in further support of its motion for summary judgment (ECF No. 48) and in opposition to Plaintiff Sean Musgrave's cross motion for summary judgment. See Opp'n (ECF No. 50).

**ARGUMENT**

Plaintiff seeks "[a]ll emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the [Central Records System], used by the Washington Field Office and San Francisco Field Office mentioning @DevinCow." Declaration of Shannon Hammer ¶¶ 1, 5 (ECF No. 48-1). These records are not reasonably described. Record requests are reasonably described "'if a professional employee of the agency familiar with the subject matter can locate the records with a reasonable amount of effort.'" *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012). Plaintiff argues that determining whether a request reasonably describes the records sought and whether the request would require an unduly burdensome search are distinct inquiries. Opp'n at 2, 8-9. Plaintiff is incorrect. A request that requires an agency to perform an unduly burdensome search is a type of

request that fails to reasonably describe the records sought as "as required by 5 U.S.C. § 552(a)(3)(A)." *Am. Fed'n of Gov't Emp. 2782 v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990). In other words, a request like Plaintiff's that arguably identifies "the documents requested with sufficient precision to enable the agency to identify them" would still fail to reasonably describe the records sought where the request is "so broad as to impose an unreasonable burden upon the agency." *Id.*; *see also Ctr. for Immigr. Studs. v. U.S. Citizenship & Immigr. Servs.*, 628 F. Supp. 3d 266, 271-72 (D.D.C. 2022) (requests "seeking difficult to locate records" or requiring "overly burdensome post-search efforts" are ways a request fails to meet the "'reasonably describes' requirement.").

Plaintiff misstates the degree of burdensomeness that is required for a search to be unreasonably burdensome. Opp'n at 9. A request does not need to seek records from "offices across the country" or "every field office" in order to be an unreasonably burdensome request. For example, in *Center for Immigration Studies*, 628 F. Supp. 3d at 272-273, the court determined that a request for nine months of emails sent to and from just three identified agency officials was unduly burdensome because the request required the agency to process 1.6 million pages of responsive records. Similarly, in *Wright v. FBI*, Civ. A. No. 18-0687 (TSC), 2024 U.S. Dist. LEXIS 170896, at *5 (D.D.C. Sept. 23, 2024), the court found that requiring the FBI to search just its Sentinel records system for all records containing the term "Mosque" would be unreasonably burdensome because the search "would yield too many records to reasonably review for responsiveness."

Here, in asking the FBI to search the classified and unclassified inboxes of every FBI employee at two of its major field offices, Plaintiff requests that the FBI conduct a similarly scaled search. To conduct a search in response to part 4 of the request the FBI would need to search all

unclassified inboxes and classified inboxes of all employees at both the Washington Field Office, the San Francisco Field Office and all Washington and San Francisco satellite offices with the term "@DevinCow." Hammer Decl. ¶ 10 (ECF No. 48-2). The FBI provided a precise estimate of the number of custodians that it would need to search in its ex parte in camera declaration. Hammer Decl. ¶ 9 n.1 (ECF No. 48-2). But it is publicly known that the Washington Field Office alone employs over 1,600 Special Agents and Professional Staff, *id.* ¶ 9, and each of those employees has both a classified and unclassified email account. *Id.* Thus, to search for records from just the Washington Field Office, which is only one of the field offices identified in the request, the FBI would need to search at least 3,200 inboxes. *Id.* This search would not even be a complete search for potentially responsive records in the Washington Field Office because it would not cover the inboxes of employees who have been transferred to another FBI office or ended their employment with the FBI since the request was received. *Id.* ¶ 12. The 3,200 inboxes also would not cover custodians in the San Francisco Field Office. The FBI has not recently publicly disclosed an estimate of the number of employees at the San Francisco Field office, but it is publicly known that the San Francisco Field Office includes a main office in San Francisco and seven satellite offices throughout Northern California. FBI San Francisco, https://www.fbi.gov/contact-us/field-offices/sanfrancisco/about (last visited Sept. 8, 2025). Thus, the FBI would need to search all custodians in each of those eight offices.

Plaintiff argues that the FBI could make the search easier by tasking each employee with searching his or her own inbox and implies that the FBI used that method to search inboxes until recently. Opp'n at 10-11. But the FBI has never tasked employees with searching their own inboxes in response to FOIA requests, Hammer Decl. ¶ 11, and Plaintiff cites no instances where the FBI has done this. Rather Plaintiff cites declarations that the FBI filed in prior cases where the

- 3 -

FBI attested that "it is simply not reasonable (or even feasible) to ask every FBI office and the more than 35,000 employees of the FBI to conduct email searches related to Plaintiff's requests." Opp'n at 10-11. The FBI never attested that tasking employees to search their own inboxes was a feasible option to complete the search. *Id.* The enterprise search platform that the FBI uses to search inboxes "ensures that the correct pool of records is subject to the search regardless of employee status." Hammer Decl. ¶ 11. Notably, in the declarations that Plaintiff quotes, the FBI determined it could not conduct a search for the same reason that it cannot conduct one here, namely the FBI lacks the technical capability to search for electronic records without specific employee-custodians being identified. *Compare* Opp'n at 10-11, *with* Hammer Decl. ¶¶ 5, 13.

Even if the FBI made an exception for Plaintiff and tasked employees with searching their own inboxes. The FBI would still need to identify all employees who were working in the Washington Field Office and the San Francisco Field Office during the relevant time, contact each of those employees, direct each of them to conduct a search, and receive the results of each employees' search. Hammer Decl. ¶ 11. This method would not even locate all potentially responsive records because some of those employees will have ended their employment with the FBI and lack access to their FBI email accounts and may even be unreachable. *Id.*

Finally, Plaintiff suggests he would be satisfied if the court simply orders the FBI to search the inboxes of current employees at the Washington and San Francisco Field Office for emails containing the term "@DevonCow." Opp'n at 15-16. But this proposal does not address the fundamental problem with Plaintiff's request, namely that processing the request would require the FBI to search the classified and unclassified inboxes of thousands of FBI employees. Hammer Decl. ¶ 11. At bottom, the parties dispute turns on whether the FBI needs to search over 3,200 inboxes for any emails with the term "@DevonCow." Hammer Decl. ¶ 10. Searching the

thousands of inboxes that Plaintiff requests that the FBI search would reduce the FBI's FOIA staff to "full time investigators on behalf of requesters." *Assassination Archives & Rsch. Ctr. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd in pertinent part*, No. 89-5414, 1990 U.S. App. LEXIS 27799 (D.C. Cir. Aug. 13, 1990). Because the FBI has explained the burden involved, the Court should grant summary judgment in the FBI's favor. *Anand v. Dep't of Health & Human Servs.*, Civ. A. No. 21-1635 (CKK), 2023 U.S. Dist. LEXIS 90107, at \*6 (D.D.C. May 23, 2023) (finding that search of legacy electronic database would be unduly burdensome after agency thoroughly explained structure and search capabilities of database, volume of records in database, and burden on agency to conduct search of database in light of these technological limitations).

## CONCLUSION

For these reasons and those in Defendant's motion for summary judgment, the Court should grant Defendant's motion for summary judgment and deny Plaintiff's cross motion for summary judgment.

| | |
|---|---|
| Dated: September 10. 2025 | Respectfully submitted, |
| | JEANINE FERRIS PIRRO<br>United States Attorney |
| | BRIAN P. HUDAK, D.C. Bar #90034769<br>Chief, Civil Division |
| | By:  */s/ John J. Bardo*<br>JOHN J. BARDO, D.C. Bar #1655534<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2539 |
| | *Attorneys for the United States of America* |