UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SHAWN MUSGRAVE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) |
| Defendant. | ) ) ) |

Case No. 21-cv-554 (APM)

**MEMORANDUM OPINION**

In November 2020, Plaintiff Shawn Musgrave submitted a five-part Freedom of Information Act (FOIA) request to the Federal Bureau of Investigation (FBI). Part Four of the request sought: "All emails in the FBI email system(s) or personal email folders on personal computers, regardless of whether they are stored in the [Central Records System], used by the Washington Field Office and San Franscico Field Office mentioning @DevinCow." The FBI declined to respond to Part Four, concluding that fulfilling the request would require an unreasonably burdensome search. The sole question before the court is whether the FBI's refusal to search was proper. It was.

I.

"An agency need not honor a request that requires an unreasonably burdensome search." *Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Com. (AFGE)*, 907 F.2d 203, 209 (D.C. Cir. 1990) (internal quotation marks and citation omitted). An agency also should read a FOIA request "as drafted, not as either agency officials or the requester might wish it was drafted." *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 410 (D.C. Cir. 2020) (cleaned up). "The upshot is that, when the

request as drafted would require an agency to undertake an unreasonably burdensome search, the agency can decline to process the request." *Id.* The agency must "provide sufficient explanation" to justify its refusal to search. *Nation Mag., Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995).

### A.

To support its decision in this case, the FBI submits two declarations—one publicly docketed, the other submitted *ex parte*—from Shannon R. Hammer, the agency's Acting Section Chief of the Record/Information Dissemination Section, Information Management Division. Decl. of Shannon R. Hammer, ECF No. 48-2 [hereinafter Hammer Decl.]; *Ex Parte, In Camera* Decl. of Shannon R. Hammer [hereinafter *Ex Parte* Hammer Decl.]. Hammer explains that the FBI's "email communications are stored within the separate email accounts of FBI employees." Hammer Decl. ¶ 7. Employees typically have two accounts: one classified and one unclassified. *Id.* "Due to this structure," to identify potentially responsive emails, "the FBI must first identify likely custodians of responsive records," *id.* ¶ 7, and "then develop appropriate search terms to utilize when searching individual accounts," *id.* ¶ 10. The FBI does not contend here that formulating search terms would be burdensome. It agrees that the single search term "@DevinCow" would be adequate to identify responsive records. *Id.* It is the process of identifying the custodians that presents the undue burden.

According to Hammer, the trouble with Part Four is that it "does not first identify specific custodians within" the D.C. or San Fransisco field office, *id.* ¶ 10, and it contains no specified temporal scope, *see id.* ¶ 11. "With no clear list of custodians and no specified timeframe, the FBI would be required to identify who was employed within the two field offices across an unspecified timeframe during which individuals would have been coming and going, assembling a list of those

2

individuals, and then querying both their [classified and unclassified] email accounts using the supplied terms." *Id.* This would require the FBI "to search the email accounts of thousands of FBI employees, which would tax the FBI's electronic systems and would require a significant amount of time and review by FBI analysts." *Id.* ¶ 10. Hammer specifies the number of personnel employed by the two field offices as of November 2020: 2,302.[1] *Ex Parte* Hammer Decl. ¶ 2. So, to carry out a search for records responsive to Part 4, the agency first would have to identify at least 2,300 personnel and then search over 4,600 email accounts.

The court agrees that Part Four of Plaintiff's request requires "an unreasonably burdensome search." *AFGE*, 907 F.2d at 209. The Hammer Declarations are sufficiently detailed and thus entitled to a presumption of good faith. *See Eddington v. U.S. Dep't of Defense*, 35 F.4th 833, 838 (D.C. Cir. 2022). Plaintiff also presents no contrary evidence. Hammer explains the extraordinary effort and resources it would take to identify the thousands of potential custodians whose email accounts—both classified and unclassified—would need to be searched. That difficulty is compounded by Plaintiff's failure to include any time constraints on the request. The further back in time the FBI is required to search, the more custodians it would have to identify, *see* Hammer Decl. ¶ 12 ("[T]he shifting of personnel alone would considerably increase those numbers and would require extensive documentation and research."), and the more searches it would have to perform. "[T]here are some limits on what an agency must do to satisfy its FOIA obligations." *Nation Mag.*, 71 F.3d at 891. Part Four of Plaintiff's request exceeds those limits.

---

[1] Defendant submitted this total sum of employees in an *ex parte, in camera* filing. The court has decided to publish the number, as it does not believe its redaction is required by the *Hubbard* factors. *See United States v. Hubbard*, 650 F.2d 293, 317–322 (D.C. Cir. 1980); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (describing the *Hubbard* factors).

**B.**

Plaintiff defends his request in multiple ways. First, he insists that he "*did* identify specific custodians: all the employees in the Washington Field Office and San Fransisco Field Office." Pl.'s Mem. of P&A in Opp'n to Def.'s Renewed Mot. for Summ. J. and in Support of Pl.'s Cross-Mot. for Summ. J., ECF No. 50 [hereinafter Pl.'s Opp'n], at 9. But that response simply begs the question whether such a demand places an unreasonable burden on the agency. Citing various cases, Plaintiff argues that his request is reasonable because it is "significantly smaller" than "offices across the country," "every field office," and "every branch office, staff office [etc.]." *Id.* (first quoting *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002); then quoting *Marks v. U.S. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978); finally quoting *AFGE*, 907 F.2d at 208). But none of those cases suggest that the requests at issue established a floor below which a search cannot be said to be unreasonably burdensome. Hammer's declarations demonstrate with specificity how, given the structure of the FBI's email storage systems, a search of every email account of FBI personnel in two field offices would unreasonably burden the agency. Plaintiff offers no evidence to disbelieve Hammer. *See Brody v. U.S. Dep't of Just.*, No. 22-5043, 2023 WL 1511679, at *2 (D.C. Cir. Feb. 3, 2023) (affirming the district court's unreasonable burden finding where the plaintiff offered no evidence to "disbelieve the FBI's declarations").

Next, Plaintiff contends that the FBI can avoid an unreasonable burden by *how* it performs the search. Pl.'s Opp'n at 10–12. Plaintiff acknowledges that Part Four "poses a problem if the search is being done by the FOIA office," but contends that an easier way to proceed would be to "task [] custodians with performing searches of *their own records* and sending any responsive records to the FOIA office for review." *Id.* at 10. Citing to two declarations submitted in prior cases, Plaintiff contends that the FBI "for *years*" has directed individual employees to search their

4

own emails and cannot eschew that less burdensome approach to avoid a search in this case. *Id.* at 10–12. But the prior declarations that Plaintiff cites do not establish an FBI practice to have individual employees search for potentially responsive emails. They say just the opposite. Both state that the FBI lacks the technical capability to perform searches without identified custodians and that "it is simply not reasonable (or even feasible)" to ask thousands of employees to conduct email searches for potentially responsive material. *Id.* (citation omitted). The FBI says the same thing here, and the court credits the representation.

Finally, Plaintiff contends that the absence of a time restriction in Part Four does not create an unreasonable burden. *Id.* at 12–13. He argues that the problem is one of the FBI's own making. If the agency had only conducted the search in 2021 soon after it received the FOIA request, it would not have had to identify—as it must do now—those custodians who were present then but may no longer be in either field office. This argument is hard to follow. The burden created by the lack of any time restriction does not have to do with *when* the search is conducted, but rather the uncertainty it instills as to the relevant time period for the search. Nowhere does Plaintiff specify in Part 4 how far back the FBI must search for potentially responsive records. The further back in time the FBI goes, the more custodians it would need to identify, and the greater the burden. *See* Hammer Decl. ¶ 12 (stating that the problem of identifying custodians would "compound exponentially" if the "timeframe is extended").

Plaintiff's answer to this is to say that it would have been adequate for the FBI to have conducted a search of "all active email accounts" as of 2021, which would have captured "almost all of the employees who were employed in 2020." Pl.'s Opp'n at 13. Alternatively, Plaintiff proposes that the FBI "search the email accounts of the employees who are employed on the day of the search." *Id.* But the FBI is required to read the request "as drafted." *Nat'l Sec. Couns.*, 969

5

F.3d at 410. And Part Four contains no indication that Plaintiff intended for the agency to limit its search only to email accounts "active" in 2021 or the email accounts of personnel "employed on the day of the search." Plaintiff cannot lessen the burden created by his unbounded request by narrowing it now.

### III.

For the foregoing reasons, the court agrees with the FBI that it was not required to honor Part Four of Plaintiff's FOIA request because it requires an unreasonably burdensome search. Accordingly, the court grants Defendant's Renewed Motion for Summary Judgment, ECF No. 48, and denies Plaintiff's Cross-Motion for Summary Judgment, ECF No. 51.

A separate, final appealable order accompanies this Memorandum Opinion.

Dated: December 3, 2025

Amit P. Mehta
United States District Judge